UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br>CDCR #T-72692,<br><br>                                    Plaintiff,<br><br>                      vs.<br><br>A. NUNEZ, et al.,<br><br>                                    Defendants. | Civil        13cv0973 GPC (BGS)<br>No.<br><br>**ORDER DENYING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*<br>AND DISMISSING CASE<br>WITHOUT PREJUDICE<br>PURSUANT TO<br>28 U.S.C. § 1915(a)**<br><br>**(ECF Doc. No. 2)** |

Brandon Meeks ("Plaintiff"), who is currently incarcerated at California State Prison in Corcoran, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleges several correctional officials and a nurse at Richard J. Donovan Correctional Facility in San Diego used excessive force against him, failed to protect him from harm, and provided him constitutionally inadequate medical treatment in April 2011 while he was incarcerated there.  (Compl. at 2-7.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period  immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement, or California State Prison in Corcoran's institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action

...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action.  *See* 28 U.S.C. § 1915(b)(1).

## II.   CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) is DENIED and the action is DISMISSED without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(2)    Plaintiff is GRANTED an additional forty-five (45) days from the date of this Order to either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter.  If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy*

////

////

////

////

////

////

////

////

1    *of his trust account statement within 45 days*, this action shall remained closed without

2    further Order of the Court.[1]

3       IT IS SO ORDERED.

4    DATED: April 26, 2013

5                         DATED: April 26, 2013

6

7                         HON. GONZALO P. CURIEL
                           United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either paying the full civil filing fee required by 28 U.S.C. § 1914(a), or filing a properly supported Motion to Proceed IFP, his Complaint will be screened prior to service pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) regardless of payment or fee status. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).