1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   BRANDON MEEKS,                          13-CV-0973GPC (BGS)
12                            Plaintiff,     **REPORT AND**
                                             **RECOMMENDATION: TO**
          vs.                                **GRANT DEFENDANTS'**
13                                           **MOTION TO DISMISS**
14   A. NUNEZ, ET AL.,
                                             [Doc. No. 12]
15                           Defendants.
16
17        **I. Introduction**
18        On April 23, 2013, Brandon Meeks ("Plaintiff") filed a complaint pursuant to
19   42 U.S.C. sec. 1983, alleging constitutional violations for an incident occurring on
20   April 25, 2011. (Doc. No. 1.) The alleged incident took place during Plaintiff's
     incarceration at the R.J. Donovan Correctional Facility in San Diego, California. (Doc.
21   No. 12.) The complaint names prison guards A. Nunez and T. Scott, along with
22   correctional sergeant J. Wilborn and registered nurse M. Estrada, as defendants. (Doc.
23   No. 1) On September 6, 2013, Defendants J. Wilborn and M. Estrada filed a motion to
24   dismiss the complaint for failure to exhaust administrative remedies pursuant to Fed.
25   R. Civ. P. 12(b). (*Id*.)  Defendants served Plaintiff with a *Wyatt* notice to inform him
26   of his right to submit evidence to rebut Defendants' motion.  (*Id*.)  On September 19,
27   2013, the Court also provided  Plaintiff with a *Wyatt* notice regarding Defendants'
28   motion to dismiss. (Doc. No. 13.) On October 16, 2013, Defendants A. Nunez and T.

Scott, joined in Wilborn and Estrada's motion to dismiss. (Doc No. 18.) On December 18, 2013, Plaintiff filed for an extension of time to file an opposition. (Doc. No. 31.) The Court granted Plaintiff's motion and extended Plaintiff's deadline to January 8, 2014. (Doc. No. 32.) Plaintiff, however, did not file an opposition.

For the reasons set forth below, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's action for failure to exhaust administrative remedies be **GRANTED**.

## II. Background

Plaintiff alleges that on April 25, 2011, prison guards Nunez and Scott brutally assaulted him in the Donovan Correctional Facility health center. (Doc. No. 1.) Specifically, Plaintiff alleges Nunez and Scott threatened him, punched him, kicked him, and kneed him in the face, head and upper torso multiple times. (*Id*.) Plaintiff claims Nunez and Scott's use of excessive force violated his constitutional rights. (*Id*.) Plaintiff also alleges that Defendant Wilborn's deliberate indifference to Plaintiff's safety and Defendant Estrada's failure to provide adequate medical care violated his rights. (*Id*.)

The incident began when Plaintiff experienced difficulty putting on his socks and orthopaedic boots after an X-ray. At this time, Plaintiff was in waist and leg restraints with very limited mobility. Defendant Nunez demanded Plaintiff walk without his orthopaedic boots and Plaintiff responded that he could not. Nunez then yanked Plaintiff off the X-ray table. Plaintiff's legs buckled and he collapsed to the floor in his restraints. While on the floor, Plaintiff yelled for help as Defendant Wilborn passed in the hallway. Wilborn stopped, briefly spoke with Nunez and immediately left the area. Nunez then closed the door to the X-ray room, where he threatened Plaintiff. Defendant Scott arrived in the X-ray room moments later. Plaintiff alleges Nunez and Scott then brutally assaulted him while he was helpless in his restraints. (*Id*.)

Plaintiff further alleges that following the attack, Defendant Estrada merely wiped the blood off his face and failed to document the cause of his injuries.

Ultimately, the attack required emergency transport and a four-day hospitalization at Tri City Medical Center in Oceanside, California. Plaintiff was hospitalized from April 25, 2011 to April 29, 2011. Plaintiff's injuries included broken facial bones, active bleeding and lacerations along with irreversible damage to Plaintiff's appearance. (*Id.*).

On April 29, 2011, Plaintiff returned to Donovan where he was housed until May 10, 2011. (*Id.*) On May 10, 2011, Plaintiff was transferred to Salinas Valley State Prison.

Defendants filed an unenumerated 12(b) motion to dismiss Plaintiff's complaint. (Doc. Nos. 12, 18.) Defendants' motion seeks dismissal of Plaintiff's action on the grounds he failed to properly and timely exhaust all administrative remedies before filing civil suit. (*Id.*)

**III. Discussion**

**A.**   ***Legal Standards for Motion to Dismiss for Failure to Exhaust Administrative Remedies***

The Prison Litigation Reform Act ("PLRA") of 1995 provides in pertinent part:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

"Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are not required to specially plead or demonstrate exhaustion in complaints because failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The proper vehicle for challenging a complaint based on failure to exhaust administrative remedies is a nonenumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for a failure to exhaust

nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id*. at 1119–20. If the district court concludes that the prisoner has failed to exhaust his or her administrative remedies, the claim should be dismissed without prejudice. *O'Guinn v. Lovelock Corr. Ctr*., 502 F.3d 1056, 1059, 1063 (9th Cir.2007); *Wyatt*, 315 F.3d at 1120.

Failure to exhaust may not be waived. *See Woodford v. Ngo*, 548 U.S. 81, 85–86 (2006) ("[e]xhaustion is no longer left to the discretion of the district court, but is mandatory"). The United States Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. A prisoner also cannot satisfy the PLRA's exhaustion requirement by "filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 584 U.S. at 83–84. Nor can a prisoner who did not make any attempt to utilize the prison grievance system sidestep the exhaustion requirement by arguing that it now would be futile to attempt to exhaust within the prison system. *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2002) ("we stress the point ... that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *see also Woodford*, 584 U.S. at 100 ("if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court").

More recently, the Supreme Court clarified the exhaustion rule further, holding that it is the prisoner's observance of the state's regulations and procedures concerning its administrative appeals process, and not the PLRA itself, that determines whether a prisoner has properly exhausted administrative remedies. *Jones*, 549 U.S. at 218. For this reason, the particulars of the California system are essential to determine whether Plaintiff complied with those regulations and properly exhausted the claims he brings in this lawsuit.

///

///

**B.**   *The California System*

The administrative appeal system for California inmates is codified in Title 15 of the California Code of Regulations. Effective January 28, 2011, California's regulations concerning the administrative appeals process were updated and changed in some respects. The California Department of Corrections and Rehabilitation ("CDCR") now has a three-level appellate review process, and the informal level of review has been abolished. Cal.Code Regs. tit. 15, sections 3084.2, 3084.7 (2011). Inmates and parolees may "appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having an adverse effect upon their welfare." Cal.Code Regs. tit. 15 sec. 3084.1 (2011).

The administrative appeal system has strict time guidelines that must be followed in order to properly exhaust.  Specifically, an appeal must be submitted to the appeals coordinator at the institution where the disputed event took place within 30 calendar days of the event or decision being appealed. Cal.Code Regs. tit. 15, sec. 3084(f); 3084.8(a); 3084.8(b) (2011). The appeals coordinator may cancel and reject an appeal within 30 calender days of the event or decision being appealed. Cal.Code Regs. tit. 15 sec. 3084.8(b). The appeals coordinator may also cancel and reject an appeal if the inmate fails to submit it within these time constraints. Cal.Code Regs. tit. 15, sec. 3084.6(c)(4) (2011).

An administrative appeal may only contain one issue or set of related issues. Cal.Code Regs. tit. 15, sec. 3084.2, 3084.2(a)(1) (2011). If an inmate adds an issue to the appeal that was not included when it was originally submitted, administrative remedies are deemed *not* exhausted as to that new issue that was not addressed by prison staff through all required levels of administrative review. Cal.Code Regs. tit. sec. 3084.1(b) (2011) (emphasis added). The inmate is required to list all staff members involved and describe their involvement in the issue. Cal.Code Regs. tit. 15 sec.3084.2(a)(3) (2011). Appeals are to be initially submitted directly to the appeals coordinator at the inmate's institution for review and processing at the first and second

levels of review. Cal.Code Regs. tit. 15, sec.3084.7(a) (2011).

An inmate wishing to exhaust administrative remedies is required to complete three steps: (1) a first-level review by the institution's division head; (2) a second-level review conducted by the institution head, no lower than Chief Deputy Warden, or his or her designee; and (3) the third-level review, conducted by the Office of Appeals, in Sacramento, California. Cal.Code Regs. tit. 15, sec. 3084.7 (2011). A decision by the Office of Appeals constitutes the Secretary's decision. The administrative process is completed, or exhausted, only after the inmate has complied with all prison grievance procedures, and received a decision from the Office of Appeals. Cal.Code Regs. tit. sec. 3084.7(c)(3) (2011); *Woodford*, 541 U.S. at 95–96. The administrative process must be completely exhausted before the inmate files his or her civil rights lawsuit. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir.2006).

**C.**   ***Plaintiff Failed to Exhaust His Claims Against All Defendants***

Plaintiff failed to properly exhaust his claims according to the CDCR guidelines. The CDCR requires prisoners to file an administrative appeal with the local institution appeals coordinator within 30 days of the occurrence of the incident at issue.[1] *See* Cal. Code Regs. Tit. 15, sec. 3084 (f); 3084.2 (c); 3084.8(b) (2011). Plaintiff filed his appeal on the thirtieth and final day, however, he filed the appeal with Salinas Valley State Prison ("Salinas"), the incorrect institution. The appeal was due by the thirtieth day at R.J. Donovan Correctional Facility ("Donovan"), in San Diego—the institution where the alleged violation took place.  (Decl. Olson at Doc. No. 12-5.) Salinas officials properly rejected Plaintiff's appeal because Salinas was not the proper CDCR unit for review. (Decl. Olson at Ex. A.) When Plaintiff mailed the appeal to Donovan, the 30 day deadline had expired and Donovan officials properly rejected Plaintiff's

---

[1]Appeals must be submitted at the institution where the disputed event occurred so that the persons reviewing the appeal have the requisite "signature authority for the approval or disapproval of an appeal response." Cal. Code Regs. Tit. 15, sec. 3084 (f). The appropriate reviewer and thus the individual with the signatory authority is the appeals coordinator at the institution where the alleged incident occurred. (Decl. Olson at Doc. No. 12-5.)

1    appeal not only as untimely, but also for failing to attach required documents. (Decl.
2    Olson at Doc. No. 12-5 at ¶¶ 10-13.)

3         In the Ninth Circuit, a prisoner's failure to exhaust can be excused where
4    administrative remedies were effectively unavailable. *Nunez v. Duncan*, 591 F.3d
5    1217, 1226 (9th Cir. 2010.) Administrative remedies are "effectively unavailable" when
6    prison officials improperly screen a grievance that would have been sufficient to
7    exhaust the claim. *Id.* That exception does not apply here because the grievance was
8    not improperly screened.  The screening and rejection of the grievance by Salinas's
9    appeals coordinator was proper because Plaintiff submitted the grievance to the
10   incorrect institution.  Further, the rejection and cancellation of Plaintiff's grievance
11   submitted to Donovan was also proper because it was not received within the required
12   time and also failed to attach required documents.  (Decl. Olson at 12-5.)

13        Plaintiff had sufficient time and opportunity to file his administrative appeal
14   within the 30 day period. For instance, Plaintiff claims Defendants Nunez and Scott
15   assaulted him on April 25, 2011, at Donovan.  Therefore, Plaintiff's administrative
16   appeal was due 30 days from this date—May 25, 2011. The record before the Court
17   shows Plaintiff had an adequate opportunity to submit his appeal on time and at the
18   correct institution. (*See* Decl. Olson at ¶ 9.) Plaintiff was released from the hospital on
19   April 29, 2011 and immediately returned to Donovan.  Thus, Plaintiff had access to
20   appeals forms, writing utensils and the means to directly submit his appeal to Donovan
21   officials at any time between April 29 and the date he was transferred to Salinas—May
22   10, 2011.  (Decl. Olson at ¶ 9.)  Even after being transferred to Salinas, Plaintiff could
23   have directly mailed an appeal to Donovan prior to the 30 days expiration on May 25,
24   2011.  In fact, after Plaintiff received the rejection from Salinas's appeals coordinator
25   on May 26, 2011, Plaintiff mailed his appeal directly to Donovan on May 30, 2011, but
26   by this time the grievance was untimely. (Decl. Olson at Ex. A.)

27        Plaintiff filed additional appeals in an attempt to reverse the rejection of his
28   untimely grievance. (Decl. Olson at Doc. No. 12-5.)   None of these subsequent

submissions, however, demonstrate Plaintiff's inability to file the initial appeal on time. Nor do any of them even attempt to argue that Plaintiff was unable to file his appeal at Donovan within the required time constraints. (*Id.*) Instead, these subsequent filings attempt to argue the merits of Plaintiff's grievance. The appeals coordinator's office rejected these later appeals on varied valid grounds. Some of the appeals did not include the proper documentation, some attempted to resubmit an already cancelled appeal, and some were duplicative of one another. (Decl. Olson,¶¶ 17-22; Exh's. F-J; Doc. No. 12-5.) Regardless, none of these subsequent appeals properly exhausted the claims Plaintiff attempts to bring in federal court, and the Court does not have discretion to excuse exhaustion in the interests of justice. *Booth*, 532, U.S. at 741 n. 5, 6.

Further, it is evident Plaintiff had adequate knowledge of the administrative grievance process and could have filed his appeal on time. Plaintiff's appellate history demonstrates his familiarity with the administrative system. For example, Plaintiff advanced an administrative appeal on an unrelated matter through the first two levels of review in early 2011—when the time constraint for filing the first grievance was a mere 15 days. (Decl. Olson, ¶ 25; Exh. K; Doc No. 12-5.) Plaintiff advanced various other appeals to the third level in five different California Prisons since 2007. (Decl. J.D. Lozano, ¶ 9; Exh. A; Doc. No. 12-4.) In addition, Corcoran State Prison placed Plaintiff under appeals restriction for overuse of the system. (Decl. Olson, ¶ 25; Exh. K; Doc No. 12-5.) This history and evidence of restriction shows Plaintiff's proficiency and familiarity with the administrative appeals system and indicates he had a full and fair opportunity to properly file his grievance on time, but failed to do so.

Accordingly, Defendants met their burden of proving lack of exhaustion. Defendants' motion indicates Plaintiff was familiar with the appeals process and had the opportunity to timely file his grievance while he was still housed at Donovan. Even after Plaintiff was  transferred to Salinas he could have timely mailed his appeal directly to Donovan officials. Plaintiff, however, failed to properly and timely file his

administrative grievance.  For all of the reasons stated, the Court recommends Plaintiff's claim be dismissed without prejudice but also without leave to amend because any attempt to amend to exhaust his administrative grievance at this time would be futile.

**D.    *Nurse Estrada***

In addition to recommending dismissal of Plaintiff's inadequate medical attention claim against Defendant Estrada for failure to exhaust based on the reasons stated above, Plaintiff surely failed to exhaust his claims against Estrada by failing to mention her in his initial grievance.  Pursuant to California regulations, prisoners are required to name each and every prison official whose conduct they are grieving in their original filing. Cal. Code Regs. Tit. 15, § 3084.2(a)(3). Even if Plaintiff's appeal regarding the other defendants was timely, which it was not, and he properly completed the administrative grievance process as to those defendants, this complaint would be defective against Defendant Estrada because she was not named in Plaintiff's initial 602 grievance.

Accordingly, the Court recommends the claim against Defendant Estrada be dismissed without prejudice but also without leave to amend because any attempt to amend to establish exhaustion would be futile.

**IV.    Conclusion**

Having reviewed the matter, this Report and Recommendation Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).  For all of the reasons stated above, the Court recommends  the Defendants' motion to dismiss be **GRANTED without prejudice but also without leave to amend** because amendment would be futile since the time to exhaust administrative remedies passed.

**IT IS ORDERED** that no later than **<u>February 20, 2014</u>**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with

2    the Court and served on all parties within **seven (7) days** of being served with

3    objections.  The parties are advised that failure to file objections within the specified

4    time may waive the right to raise those objections on appeal of the Court's order. *See*

5    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

6    **IT IS SO ORDERED**.

7

8    DATED:  January 31, 2014

9

10   Hon. Bernard G. Skomal
     U.S. Magistrate Judge
11   United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv973-GPC