UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>                              Plaintiff,<br><br>    vs.<br><br><br>A. NUNEZ, ET AL.,<br><br>                              Defendants. | CASE NO. 13cv973-GPC(BGS)<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO DISMISS; AND DENYING DEFENDANTS' MOTION TO CONVERT 12(B) MOTION INTO A MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 12, 34, 41.] |

    Before the Court is the Magistrate Judge's report and recommendation granting Defendants' motion to dismiss and Defendants' motion to convert 12(b) motion to motion for summary judgment. (Dkt. Nos. 12, 34, 41.)

    On September 6, 2013, Defendant J. Wilborn and M. Estrada filed a motion to dismiss the complaint for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure ("Rule") 12(b). (Dkt. No.12.) On October 16, 2013, Defendants A. Nunez and T. Scott joined in Wilborn and Estrada's motion to dismiss. (Dkt. No. 18.) On January 31, 2014, the Magistrate Judge issued a report and recommendation granting Defendants' motion to dismiss. (Dkt. No. 34.) Plaintiff filed an objection to the report and recommendation on February 24, 2014. (Dkt. No. 38.) Defendants filed a reply on March 4, and 6, 2014. (Dkt. Nos. 39, 40.) On April 22,

2014, all Defendants filed a motion to convert their 12(b) motion to motion for summary judgment in light of the ruling in Albino v. Baca, __ F.3d ___, 2014 WL 1317141, at *4 (9th Cir. Apr. 3, 2014) (en banc). (Dkt. Nos. 41, 42.)

In a recent decision, the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) concerning the proper procedural device to raise the issue of administrative exhaustion. Albino, 2014 WL 1317141 at *4. The court in Albino held that exhaustion should be raised either through 1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare occasion that failure to exhaust is clear on the face of the complaint; or 2) a motion for summary judgment. Id. An unenumerated Rule 12(b) motion, as held in Wyatt, is no longer the procedural method to raise the exhaustion issue. Id.

Defendants filed a motion to dismiss Plaintiff's Complaint for failure to exhaust by filing an unenumerated motion under Federal Rule of Civil Procedure 12(b). The Magistrate Judge issued a report and recommendation granting Defendant's motion to dismiss given the state of the law at that time. In light of the Ninth Circuit's decision in Albino, however, an unenumerated 12(b) motion is no longer the proper procedure for raising the issue of exhaustion. Accordingly, this Court DECLINES to adopt the report and recommendation and DENIES Defendants' motion to dismiss on procedural grounds. The Court also DENIES Defendants' motion to convert 12(b) motion to a motion for summary judgment. Due to the number of filings related to the motion to dismiss, and to avoid obscuring the docket, the appropriate procedure is for Defendants to file a separate motion for summary judgment.

IT IS SO ORDERED.

DATED: May 20, 2014

HON. GONZALO P. CURIEL
United States District Judge