UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>              Plaintiff,<br><br>       v.<br><br>A. NUNEZ, et al.,<br><br>              Defendant. | Civil No. 13-cv-0973 GPC (BGS)<br><br>**REPORT AND RECOMMENDATION  GRANTING DEFENDANT WILBORN'S MOTION TO DISMISS THE COMPLAINT**<br><br>**[Doc. No. 76]** |

## I. INTRODUCTION

Brandon Meeks ("Meeks"), a state prisoner proceeding *pro se*, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983, alleging constitutional violations for an incident occurring on April 25, 2011.  (Doc. No. 74.)  The alleged incident took place during Meeks's incarceration at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California.  (*Id*. at 3.)  The complaint names Correctional Officers A. Nunez and T. Scott, Correctional Sergeant J. Wilborn, and Registered Nurse ("R.N.") M. Estrada as Defendants.  (*Id*.)  Defendants Scott and Nunez filed an Answer to the FAC on March 30, 2015. (Doc. No. 77.)  Nurse Estrada was dismissed following a motion for summary judgment for failure to exhaust and therefore did not respond to the FAC.  (Doc. No. 76; *see also* Order, Curiel January 6, 2015, Doc.

No. 66.) For the reasons set forth below, the Court **RECOMMENDS** Defendant Wilborn's motion to dismiss Meeks's section 1983 action be **GRANTED**.

## II.  FACTUAL BACKGROUND

Meeks alleges the following:

On April 25, 2011, after Meeks completed his x-rays, he experienced difficulty putting on his left sock and orthopedic boot. (Doc. No. 74 at 3.) At this time, Meeks was in waist and leg restraints with very limited mobility. (*Id.*) When Officer Nunez insisted that Meeks walk with only one orthopedic boot on, Meeks responded that he was not able to walk barefoot in leg irons and needed to put on both orthopedic boots in order to walk. (*Id.*) Nunez threatened Meeks that he was going to "beat the shit out of [him] and drag [his] ass back to the unit." (*Id.*) Meeks yelled for help, "I am not resisting or being combative, Nunez threatened to drag me and beat the shit out of me, my life is in danger." (*Id.*) Nunez attempted to pull Meeks off the x-ray table and stand him up, but Meeks's leg buckled on the way to the floor. (*Id.*)

Wilborn came to the x-ray room doorway and stood there for a few minutes looking at Meeks on the floor in leg and waist restraints. (*Id*. at 4.) Meeks explained his situation to Wilborn and requested assistance and intervention and informed Wilborn that Nunez told Meeks he would "beat the shit out of [Meeks] and drag [his] ass back to the unit." (*Id*.) Meeks further informed Wilborn that he was unable to walk barefoot in leg irons and needed assistance of both orthopaedic boots for walking. Meeks began to explain that he could not put on his left sock and orthopaedic boot due to waist restraints. Meeks also told Wilborn that his life was in danger due to the threat of great bodily injury posed by Nunez. Meeks alleges he made Wilborn aware of the fact that he faced a substantial risk of serious harm. (*Id.*) Wilborn allegedly disregarded the risk by failing to take reasonable measures to abate the risk. Meeks contends Wilborn remained in the doorway the entire time Meeks put him on notice of the risk he faced from Nunez's threats. Meeks further alleges Wilborn did not intervene and instead exposed Meeks to a serious risk of harm and failed to protect him from harm. (*Id*.) When Wilborn left the

2

area, Nunez closed the x-ray room door and continued to threaten Meeks with the x-ray technician, Steve Osbourne, and Anita Gomez in the room. Defendant Scott entered the x-ray room minutes after Meeks reported the threats to Wilborn. Scott and Nunez then approached Meeks on both sides of his body and brutally attacked him, resulting in extensive injuries to his head, eye, and facial area. The attack required emergency transport and hospitalization. (*Id.*)

### III. DISCUSSION

**Legal Standard on Motion to Dismiss**

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of a cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984)).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, allegations in pro se complaints are held to less stringent standards than complaints drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, the courts have an obligation to construe such complaints liberally and to afford the prisoner the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory

allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (citing *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982)).

**Analysis**

Meeks alleges Wilborn failed to act reasonably in response to a known substantial risk of serious harm and accuses Wilborn of being deliberately indifferent to his safety. (Doc. No.74.)  Defendant Wilborn contends Meeks's allegation is insufficient to state an Eighth Amendment claim against him.  (Doc. No. 76.)

A constitutional violation for failure to protect, when having a duty to do so, only arises where a prison official displays "deliberate indifference" for a prisoner's safety. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  A prison official may be held liable for "acting with 'deliberate indifference' to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994).  To establish a prison official's "deliberate indifference," an inmate must establish that "the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (citing *Johnson v. Lewis*, 217 F.3d 726 (9th Cir. 2000)).

First, an inmate must show that a prison official was aware of a "substantial risk of serious harm" to the inmate's health or safety. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted).  Constructive notice does not suffice to prove the requisite knowledge. *Farmer,* 511 U.S. at 841. The risk posed by the alleged deprivation "must be, objectively, 'sufficiently serious.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991)).  Second, an inmate must show that a prison official had "no 'reasonable' justification for the deprivation, in spite of that risk." *Thomas*, 611 F.3d at 1150 (citation omitted).

In his FAC,  Meeks provides neither facts indicating Wilborn was aware of a "substantial risk of serious harm" to Meeks's health or safety, nor facts indicating that

Wilborn had no "reasonable" justification for the deprivation. *See id.* Instead, Meeks allegations are conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that vague and conclusory allegations are insufficient to rise to a constitutional violation). Meeks merely alleges that Wilborn came to the x-ray room doorway shortly after Meeks yelled for help. (Doc. No. 74 at 4.) Meeks claims he explained his situation to Wilborn and requested assistance because "he was threatened by [Nunez] and his life was in danger." (*Id.*) Wilborn briefly exchanged words with Nunez and left the area after observing Meeks sitting on the ground at the base of the X-ray table. (*Id.*) The alleged use of excessive force by Nunez and Scott had not yet occurred, and other than Meeks's own statements of fear, no facts alleged in the amended complaint indicate Wilborn was on notice of pending harm. According to Meeks' recitation of the facts, Scott had yet to even enter the room at the time Meeks expressed to Wilborn that he believed his life was in danger. (*Id.* at 5.) And even when taking the facts in the light most favorable to Meeks, the bare assertion of fear that he may be harmed by Nunez prior to any use of force was simply inadequate to put Wilborn on notice that Meeks actually faced a substantial risk of serious harm from other officers. There is no assertion of any facts indicating Wilborn drew the inference that Meeks's would be physically harmed by Nunez and Scott when Wilborn left the hallway. Further, this situation is unlike a threat of injury from another inmate: Meeks's allegation of an impending threat from Nunez does not present a basis for drawing the inference that Meeks's faced a substantial risk of serious harm at the hands of another correctional officer because correctional officers, unlike other inmates, are tasked with the role of protecting prisoners.[1]

    Although Meeks states he made Wilborn aware of the "fact he faced a substantial risk of serious harm," and that "Wilborn disregarded that risk by failing to take

---

[1] "A prisoner may state a section 1983 claim under the eighth and fourteenth amendments against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury by another prisoner." *Berg v. Kincheloe*, 794 F.2d 457, 495 (9th Cir. 1986). There is no case law that the Court can find that supports the same claim based on the threat of serious harm or injury by a correctional officer. The harm allegedly suffered at the hands of officers Nunez and Scott is better addressed through the excessive force claim as opposed to a claim against Wilborn for deliberate indifference based on a failure to protect.

reasonable measures to abate it," this assertion is conclusory and lacks any facts to support the allegation that *Wilborn* was aware Meeks faced a substantial risk of serious harm prior to the use of force. Meeks admits Wilborn left the area prior to any use of force by Nunez and Scott; therefore, this is also not a situation where Wilborn observed the threat to Meeks's safety and failed to intervene. Without having knowledge that Meeks was at risk, Wilborn could not deliberately disregard such a risk. *See Thomas*, 611 F.3d at 1150. Thus, Meeks fails to sufficiently allege that Wilborn was deliberately indifferent to his safety, and accordingly, again fails to state a cognizable Eighth Amendment claim against Wilborn.

Meeks was allowed to amend this claim once and did not add additional facts to establish a Constitutional violation. As such, further leave to amend the complaint would be futile. Accordingly, this Court recommends dismissal of Meek's deliberate indifference claim against Wilborn without leave to amend.

## VI.  CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Defendant Wilborn's Motion to Dismiss be **GRANTED** with prejudice, and without leave to amend.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).

**IT IS HEREBY ORDERED** that no later than **June 18, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within <u>14 days</u> of being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 18, 2015

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court