UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>                             Plaintiff,<br>vs.<br>A. NUNEZ, et al.,<br><br>                            Defendant. | Case NO. 13cv973-GPC(BGS)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT WILBORN'S MOTION TO DISMISS THE COMPLAINT**<br><br>**[Dkt. No. 76.]** |

      Brandon Meeks ("Meeks"), a state prisoner proceeding *pro se*, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. section 1983, alleging constitutional violations for an incident occurring on April 25, 2011 at the Richard J. Donovan Correctional Facility ("RJDCF"). (Dkt. No. 74.) On March 30, 2015, Defendant Wilborn ("Wilborn") moved to dismiss the complaint for failure to state a claim. (Dkt. No. 76.) On May 18, 2015, the Magistrate Judge filed a report and recommendation granting Wilborn's motion to dismiss the complaint for failure to state a claim. (Dkt. No. 91.) Plaintiff filed an objection on June 22, 2015. (Dkt. No. 100.) On July 3, 2015, Defendant Wilborn filed a reply to Plaintiff's objections. (Dkt. No. 101.) After a careful review of the briefing, supporting documentation and the applicable law, the Court **ADOPTS** the

report and recommendation and thereby **GRANTS** Defendant Wilborn's motion to dismiss the complaint for failure to state a claim.

## Procedural Background

On April 23, 2013, Plaintiff filed a complaint against Defendants Correctional Officers A. Nunez ("Nunez") and T. Scott ("Scott"), Correctional Sergeant J. Wilborn, and Registered Nurse ("R.N.") M. Estrada. (Dkt. No. 1.) Meeks alleges Nunez and Scott used excessive force against him, and that "the excessive force was not applied in a good faith effort to maintain or restore order, but was done maliciously and sadistically for the purpose of causing harm by inflicting pain and suffering." (Id. at 3.) Meeks also alleges that Wilborn failed to act reasonably in response to a known substantial risk of serious harm and accuses Wilborn of being "deliberately indifferent" to his safety. (Id. at 6.) Finally, Meeks alleges that Estrada violated his constitutional rights because she "acted with deliberate indifference" to his serious medical needs and "failed to provide [him] with constitutionally adequate medical care." (Id. at 7.)

On June 6, 2014, Defendants Estrada and Wilborn filed a motion for summary judgment for failure to exhaust administrative remedies and Defendant Wilborn also filed a motion to dismiss the complaint for failure to state a claim. (Dkt. No. 47.)

On the same date, Defendants Nunez and Scott filed a notice of joinder to Defendants Wilborn and Estrada's motion for summary judgment. (Dkt. No. 48.) On August 26, 2014, the Magistrate Judge filed a report and recommendation granting Defendants' motion for summary judgment and motion to dismiss the complaint. (Dkt. No. 53.)

On January 6, 2015, the Court adopted in part and declined to adopt in part the Magistrate Judge's report and recommendation. (Dkt. No. 66.) The Court declined to adopt the report and recommendation that Plaintiff failed to exhaust administrative remedies as to Defendants Nunez, Scott and Wilborn and denied their motion for summary judgment. (Id.) The Court adopted the report and recommendation granting Defendant Estrada's motion for summary judgment and granted Defendant Estrada's

motion for summary judgment for failure to exhaust administrative remedies. (Id.) The Court also adopted the report and recommendation granting Defendant Wilborn's motion to dismiss and granted Defendant Wilborn's motion to dismiss for failure to state a claim without prejudice. (Id.) The Court declined to dismiss with prejudice since the Court concluded that Plaintiff exhausted his administrative remedies as to Defendant Wilborn. (Id.) Therefore, Plaintiff was granted leave to file a first amended complaint on or before February 13, 2015 to correct the deficiencies in the complaint as to Defendant Wilborn. (Id.)

On March 16, 2015, Plaintiff filed a FAC against Defendants Nunez, Scott, Wilborn and Estrada[1]. (Dkt. No. 74.) Defendant Wilborn moved to dismiss the complaint for failure to state a claim on March 30, 2015[2]. (Dkt. No. 76.) On May 18, 2015, the Magistrate Judge filed a report and recommendation granting Defendant Wilborn's motion to dismiss the complaint with prejudice. (Dkt. No. 91.) Plaintiff filed an objection to the report and recommendation on June 22, 2015. (Dkt. No. 100.) On July 3, 2015, Defendant Wilborn filed a reply to the objection. (Dkt. No. 101.)

**Factual Background**

According to the FAC, on April 25, 2011, after Meeks completed x-rays of his feet, he was unable to put on his left sock and orthopedic boot due to waist restraints. (Dkt. No. 74 at 3.) When Officer Nunez insisted that Meeks walk only with one orthopedic boot on, Meeks informed him that he was unable to walk barefoot in leg irons and needed the assistance of both orthopedic boots in order to walk. (Id.) Nunez told Meeks that he was going to "beat the shit out of [him] and drag [his] ass back to the unit." (Id.) Meeks responded, "I am not resisting or being combative, Officer Nunez threatened

---

[1] Plaintiff erroneously names and addresses Estrada as a defendant in his FAC, as the Court previously granted Estrada's motion for summary judgment for failure to exhaust administrative remedies.
[2] Count one of Plaintiff's FAC includes facts about Defendant Wilborn, but those facts are not a separate cause of action against him. The facts about Wilborn in count one relate exclusively to count two, which is Plaintiff's deliberate indifference claim. Thus, Defendant's motion to dismiss is only on deliberate indifference grounds.

3

to drag me and beat the shit out of me, my life is in danger." (Id.) Nunez attempted to pull Meeks by the left arm off the x-ray table, but Meeks' legs buckled on the way to the floor since he was in leg and waist restraints. (Id.)

Wilborn came to the x-ray room doorway shortly after Meeks yelled for help. (Id. at 4.) Wilborn stood in the doorway for a couple of minutes, looking at Meeks, who was still on the floor in leg and waist restraints. (Id.) Meeks explained his situation to Wilborn and requested assistance. (Id.) Meeks told Wilborn that Nunez threated him, saying he was going to "beat the shit out of [him] and drag [his] ass back to the unit." (Id.) Meeks further informed Wilborn that he was unable to walk barefoot in leg irons and needed the assistance of both orthopedic boots in order to walk. (Id.) Meeks explained that he was unable to put on his left sock and orthopedic boot due to his waist restraints. (Id.) Meeks told Wilborn that his life was in danger because of Nunez's threat, and that he was not looking to cause problems, but needed help putting on his orthopedic boot. (Id.) Wilborn briefly exchanged words with Nunez and left the area. (Id. at 5.)

After Wilborn left, Nunez closed the x-ray room door. (Id.) Steve Osbourne, an x-ray technician, and Anita Gamaz were still in the x-ray room. (Id.) Nunez continued to threaten Meeks with great bodily injury while waiting for Officer Scott. (Id.) Scott entered the x-ray room minutes after Meeks reported Nunez's threat to Wilborn. (Id.) Both Nunez and Scott approached Meeks, who was sitting on the floor with leg and waist restraints, and brutally attacked him. (Id.) Nunez and Scott punched, kicked, and kneed Meeks in the face, head, and upper torso multiple times. (Id. at 5-6.) They then lifted Meeks from the floor and thrust him to the floor. (Id. at 6.) Nunez and Scott lifted Meeks off the floor again, thrust him forward, and compelled him to walk with them. (Id.) They held Meeks by his left and right bicep, forearm and shoulder, and led him out of the x-ray room to the triage treatment area. (Id.) They lifted and threw Meeks onto the medical gurney, who landed on his stomach. (Id.)

Nunez began to flex and shake his hand around and said "this always happens every time I punch an inmate in the face." (Id.) Nunez then stated that "[Meeks] was

lucky that civilians were in the room, otherwise he would have taken out his baton and beat [his] head into the ground." (Id.) Meeks requested to do a Use of Force on-camera interview with the Lieutenant. (Id.) Scott responded, "you better not say nothing on camera[;] you will get fucked up even worse. I wish you would say something on camera." (Id.)

As a result of the incident, Meeks sustained injuries that include, but are not limited to "broken facial bones, bruised/discolored area, active bleeding, dislocation, cuts/lacerations/slash, abrasions/scratches, severe pain and suffering, reddened area, [and] swollen area." (Id. at 7.) He sustained extensive injuries to his head, eye, and facial area. (Id. at 5.) Meeks further contends that the blunt force trauma sustained from the attack has caused him "an enormous amount of mental anguish and emotional distress, including irreversible damage to [his] appearance." (Id. at 7.)

Meeks was ultimately hospitalized for four days at the Tri City Medical Center in Oceanside, California. (Id. at 5, 7.) He was given steroids and narcotic painkillers. (Id. at 7.)

A. **Standard of Review**

The district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, Meeks filed an objection to the report and recommendation on June 22, 2015. (Dkt. No. 100.) Defendant Wilborn filed a reply to the objection on July 3, 2015. (Dkt. No. 101.)

B. **Legal Standard under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory,

yet fails to plead essential facts under that theory. Id. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Allegations in pro se complaints are generally held to less stringent standards than complaints drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, courts have an obligation to construe these complaints liberally and to afford the prisoner the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997) (citing Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982)).

**C.  Analysis**

    **1. Defendant Wilborn's Motion to Dismiss**

Defendant Wilborn moved to dismiss for failure to state an Eighth Amendment deliberate indifference claim against him. The FAC alleges that Defendant Wilborn knew Meeks was facing a substantial risk of serious harm and failed to take reasonable measures to abate it. (Dkt. No. 74 at 4.) The Magistrate Judge recommended granting Defendant Wilborn's motion to dismiss for failure to state a claim. Moreover, the Magistrate Judge recommended that the motion be dismissed with prejudice because Plaintiff failed to add additional facts in the amended complaint so further leave to amend the complaint would be futile. (Dkt. No. 91 at 6.) In his objections, Plaintiff argues that

he sufficiently pleaded facts to allow the court to reasonably infer Defendant Wilborn's liability for the misconduct alleged. (Dkt. No. 100 at 4.)  In his reply to Plaintiff's objections, Defendant Wilborn argued that Plaintiff's amended complaint still failed to show how Wilborn was placed on notice that Plaintiff was going to suffer the alleged use of excessive force by Nunez and Scott. (Dkt. No. 101 at 2.)

A constitutional violation for failure to protect, when having a duty to do so, arises where a prison official displays "deliberate indifference" for a prisoner's safety. Berg v. Kincheloe, 794 F.2d 457, 459-60 (9th Cir. 1986).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 828, 828 (1994).  "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.  An inmate must show that "the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) (citing Johnson v. Lewis, 217 F.3d 726 (9th Cir. 2000)).

As for showing a prison official's "deliberate indifference," an inmate must first show that the prison official was aware of a "substantial risk of serious harm" to the inmate's health or safety. Thomas v. Ponder, 611 F .3d 1144, 1150 (9th Cir. 2010) (citation omitted).  Second, an inmate must show that a prison official had "no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citation omitted).

The Magistrate Judge correctly identified that Plaintiff alleged no facts indicating that Wilborn was aware of the substantial risk of serious harm to Meeks, nor alleged facts indicating that Wilborn had no "reasonable" justification for the deprivation. (Dkt. No. 91 at 4-5.) The Court notes that Plaintiff alleges the same sequence of events in both the original and amended Complaints, with the FAC essentially reiterating the same facts.

The FAC alleges that Wilborn came to the x-ray room doorway shortly after

1  Meeks yelled for help. (Dkt. No. 74 at 4.) Meeks explained his situation to Wilborn and
2  requested assistance because "he was threatened by [Nunez] and his life was in danger."
3  (Id.) Wilborn briefly exchanged words with Nunez and left the area after observing
4  Meeks sitting on the ground at the base of the x-ray table in leg and waist restraints. (Id.)
5  The alleged use of excessive force by Nunez and Scott had not yet occurred. Other than
6  Meeks' own statements of fear, no facts alleged in the amended complaint indicate
7  Wilborn was on notice of pending harm. Meek's own recitation of the facts state that
8  Scott had yet to enter the room at the time Meeks expressed to Wilborn that he believed
9  his life was in danger. (Id. at 5.) Taking the facts in the light most favorable to Meeks, the
10 bare assertion of fear that Nunez may harm him prior to any use of force was inadequate
11 to put Wilborn on notice that Meeks actually faced a substantial risk of serious harm from
12 other officers. Meeks did not assert facts indicating Wilborn drew the inference that
13 Meeks would be physically harmed by Nunez and Scott when Wilborn left the hallway.
14 Meeks's assertion that he made Wilborn aware of the "fact he faced a substantial risk of
15 serious harm," and that "Wilborn disregarded that risk by failing to take reasonable
16 measures to abate it," is conclusory and lacks facts supporting the allegation that Wilborn
17 was aware Meeks faced a substantial risk of serious harm prior to the use of force.

   Accordingly, the Court ADOPTS the report and recommendation granting Wilborn's motion to dismiss without leave to amend.

## Conclusion

Based on the above, the Court ADOPTS the Magistrate Judge's report and recommendation and GRANTS Defendant Wilborn's motion to dismiss for failure to state a claim with prejudice, and without leave to amend.

IT IS SO ORDERED.

Dated: September 16, 2015

Hon. Gonzalo P. Curiel
United States District Judge