UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Meeks,<br><br>                             Plaintiff,<br><br>v.<br><br>A. Nunez, et al.,<br><br>                            Defendants. | Case No.: 13cv973-GPC-BGS<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL** |

Before the Court is Plaintiff's Motion to Appoint Counsel. (ECF No. 114.) Based on the reasoning below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

**I.   Background**

On April 23, 2013, Plaintiff filed a 42 U.S.C. § 1983 complaint against Defendants for constitutional violations for an incident on April 25, 2011. (ECF No. 1.) On October 15, 2013, Plaintiff filed a motion to appoint counsel. (ECF No. 17.) On November 5, 2013, Magistrate Judge Skomal denied Plaintiff's motion. (ECF No. 21.)

On September 29, 2014, Plaintiff filed another motion to appoint counsel. (ECF No. 56.) In that motion, Plaintiff sought appointment of counsel to assist in conducting discovery and claimed to have a disability under the Americans with Disabilities Act ("ADA") which makes it difficult for him to read, write and understand materials in the case. (*Id.*) Judge Curiel denied Plaintiff's motion for counsel on October 6, 2014. (ECF

No. 62.) In that order, Judge Curiel noted that Plaintiff provided no evidence to support his disability or the nature of his disability. (*Id.* at 3:19-21.)

Plaintiff filed the instant motion, his third request for appointment of counsel, on November 30, 2015. (ECF No. 114).

## II. Plaintiff's Request

In support of his request for appointment of counsel, Plaintiff submits a declaration wherein he states that he cannot afford to hire a lawyer. (ECF No. 114 at 5, ¶ 1.) He also states that he is limited in his ability to litigate his case due to his imprisonment, and his case will likely involve substantial investigation and discovery. (*Id.* at ¶ 2.) He states that the issues in his case are complex, and a lawyer would help him to: (1) apply the law properly in briefs and before the court (*id.* at ¶ 3), (2) present evidence and cross examine opposing witnessess (*id.* at ¶ 4). Plaintiff again states that he has a disability under the ADA, which substantially limits his understanding of the legal process and legal materials needed to litigate his case. (*Id.* at ¶ 6.) He alleges that his access to the law library has been impeded and obstructed under false pretenses by prison staff and the United States District Court. (*Id.* at ¶ 7.) The rest of Plaintiff's declaration alleges events not raised in the Complaint, and are therefore irrelevant to the determination of the instant motion.[1]

## III. Standard

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); s*ee also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the

---

[1] Plaintiff claims that his physical access to the law library and materials have been impeded and unlawfully obstructed under false pretenses by various entities or persons. (ECF No. 115 at 6-8.) To the extent Plaintiff may or may not have additional claims, he has to bring those claims in a separate action after he properly exhausts his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); s*ee also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**IV.  Discussion**

Plaintiff's arguments are no different than his prior requests for appointment of counsel. Plaintiff states that he cannot afford to hire a lawyer (ECF No. 114 ¶ 1), he cannot conduct an investigation and discovery (*id.* at ¶ 2), the case involves complex legal issues (*id.* at ¶ 3), and his access to the law library and legal rescources is limited (*id.* at ¶7). He made these exact arguments in his first request for appointment of counsel, which this Court denied on November 5, 2013. (*See* ECF No. 21.) As before, the Court finds that neither the interests of justice nor exceptional circumstances warrant the appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

Plaintiff also argues that he has a disability under the ADA, which substantially limits his understanding of the legal process and legal materials needed to litigate his case (ECF No. 114 at ¶ 6). Plaintiff made this argument in his second request for appointment of counsel (ECF No. 56), which Judge Curiel analyzed as a motion for reconsideration. (ECF No. 62.) In his Order, Judge Curiel noted that other than "general allegations that

he has a disability under the ADA, Plaintiff does not provide any evidence to support his disability or the nature of his disability." (*Id.* at 3:19-21.)  Plaintiff's current declaration again states that he has a "mental impairment-disorder," but lacks evidence or explanation as to what the mental impairment is, and how it impacts his ability to litigate his case.  However, an examination of the docket indicates that Plaintiff has participated in the discovery process, the meet and confer process, and has filed over nineteen documents with the Court.  (*See e.g.*, ECF Nos. 17, 23, 31, 33, 36, 38, 50, 56, 58, 61, 63, 72, 74, 80, 83, 88, 90, 94, 100.)  The Court, therefore, **DENIES** Plaintiff's Motion to Appoint Counsel.

**IT IS SO ORDERED.**

Dated:  December 11, 2015

Hon. Bernard G. Skomal
United States Magistrate Judge