UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Meeks,<br><br>                Plaintiff,<br><br>v.<br><br>Nunez et al.,<br><br>                Defendant. | Case No.: 13cv973-GPC-BGS<br><br>**ORDER**<br>**(1) GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

**I.   BACKGROUND**

On January 19, 2016, Defendants Nunez and Scott filed an ex parte Motion to Compel Plaintiff's Deposition and for Attorney's Fees. (ECF No. 124.) In that motion, Defendants note that Plaintiff refused to appear for his deposition scheduled for January 14, 2016. (*Id.* at 4.) Defendants seek sanctions for the legal costs associated with taking a second deposition and filing a motion to compel. (*Id.* at 5.)

Also on January 19, 2016, Plaintiff filed an Objection to Defendants' Notice of Deposition of Brandon Meeks. (ECF No. 126.) In his objection, Plaintiff states that Defendants have not responded to his requests for production of documents sent on October 29, 2015 and November 24, 2015. (*Id.* at 1.) He also states that he has not been able to access the law library or legal reference materials. (*Id.* at 1-2.) Plaintiff further

1

asserts, "no such deposition will occur at the location, date and time stated by Defendants." (ECF No. 126 at 2.) Plaintiff asked for a tele-conference-video conference with the Court "due to noted disagreements and objections regarding fact discovery." (ECF No. 126 at 2.)

On January 20, 2016, the Court ordered plaintiff to file an opposition to Defendants' motion to compel by February 10, 2016. (ECF No. 128 at 1-2.) Plaintiff filed his opposition on February 16, 2016 (*nunc pro tunc* February 12, 2016.) (ECF No. 129.) Defendants filed a reply on February 17, 2016. (ECF No. 130.)

## II. PARTIES' ARGUMENTS

Plaintiff argues that he was not required to attend the deposition on January 14, 2016 because he "filed a timely objection." (ECF No. 129 at 2.) Plaintiff further asserts that Defendants' motion is "defective," because defense counsel relied on incorrect third party information that Plaintiff refused to attend his deposition. (*Id.* at 2.) According to Plaintiff, on January 14, 2016, the date of the deposition, Plaintiff had a "scheduled priority Ducat-appointment with his mental health services provider and primary clinician" from 8:30 am to approximately 11:00 am. (*Id.* at 3.) Plaintiff argues that Defendants have not produced any declarations from prison officials corroborating their account of events, and either way, defense counsel's reliance on third party information that Plaintiff was available on January 14, 2016, is not Plaintiff's fault.[1] (*Id.* at 3.)

Defendants filed a reply wherein they argue that Plaintiff's objections do not relieve him of his obligation to attend his deposition. (ECF No. 130 at 1.) Defendants question Plaintiff's statement that he had a doctor's appointment on the morning of the scheduled deposition, given that his objection to the deposition made no mention of a scheduling conflict. (*Id.* at 2-3.) According to Defendants, because inmate depositions

---

[1] Plaintiff's opposition also makes arguments regarding his placement at the Corcoran facility. (ECF No. 130 at 4.) While the Court is sympathetic to Plaintiff's complaints, this opposition is not the proper procedure for voicing them. The Court is limited to the issue before it: whether or not Plaintiff is compelled to participate in a deposition noticed by Defendants. The Court encourages Plaintiff to follow the proper administrative procedures regarding these additional grievances.

are arranged by the litigation coordinator, they had no control over the extent to which that coordinator consulted with Plaintiff on his schedule. (*Id.* at 2.)

## III. RELEVANT LAW

### a. Depositions

Federal Rule of Civil Procedure ("Federal Rule") 30 allows a party, "by oral questions, [to] depose any person, including a party[.]" Fed. R. Civ. P. 30(a)(1). When the deponent is confined to prison, the deposing "party must obtain leave of court." Fed. R. Civ. P. 30(a)(2). Federal Rule 30 allows for objections to the deposition—"whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. Fed. R. Civ. P. 30 (c)(2). The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." (*Id.*) Federal Rule 30(d)(3) provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

### b. Sanctions

Federal Rule 37 authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery. Fed. R. Civ. P. 37(a)(1). If a party fails to appear for a deposition, the district court may impose such sanctions as it deems appropriate. Fed. R. Civ. P. 37(d)(1)(A)(i).

## IV. DISCUSSION

### a. Motion to Compel Plaintiff's Deposition

Plaintiff objected to Defendants' notice of deposition because Defendants have not

responded to discovery propounded on October 29, 2015 and November 24, 2015,[2] and he has not been able to access the law library or his legal reference materials.[3] (ECF No. 129 at 1-2.) The only time a deponent can refuse to answer a question in a deposition is "when necessary to preserve a privilege, to enforce a limitation ordered by the court," (Fed. R. Civ. P. 30(c)(2)) or because the deposition is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Plaintiff's objections make no suggestion that Defendants acted in bad faith, or that by requesting to take his deposition, Defendants sought to embarrass or oppress him. Nor does the Court find that to be the case. Under the Federal Rules of Civil Procedure, Plaintiff could not refuse to appear for his deposition based on his objections. Instead, Plaintiff was required to note his objections on the record, but proceed with the deposition. Fed. R. Civ. P. 30 (c)(2).

The Court notes that defense counsel did not follow the proper procedure for seeking Plaintiff's deposition, as a court order is required by Federal Rule 30(a)(2). "[T]he plain language of Rule 30(a) requires "leave of court" when the deponent is confined in prison. There is no exception for a prisoner plaintiff." *Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003). Although Plaintiff did not object on this basis, he would have been within his right to do so. The only consequence for failing to follow this procedure would have been for Defendants to seek an order from the Court, and reschedule Plaintiff's deposition. Therefore, despite this error by Defendants, the Court

---

[2] If Plaintiff has a separate discovery dispute, he is reminded to follow the procedures outlined in this Chambers' Rules for resolving the discovery disputes. Plaintiff must first meet and confer with Defendants regarding his dispute, before contacting the Court. Because Plaintiff is incarcerated, he can satisfy the meet and confer requirement through written correspondence with defense counsel. The Court will not schedule a conference call prior to Plaintiff demonstrating he has met this Court's requirements in its Chambers' Rules.

[3] It is not clear from the record whether Plaintiff failed to appear at his deposition because of his objections, or because he had a doctor's appointment. The justification is irrelevant to the Court's determination of Defendants' motion to compel.

**GRANTS** Defendants' motion to compel Plaintiff to attend his deposition.[4] This order satisfies the requirement for leave of court to take Plaintiff's deposition, per Federal Rule 30(a)(2).

### b. Motion for Sanctions

Sanctions under Federal Rule 37 will not be imposed if "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). The Court finds that an award of expenses against Plaintiff, an incarcerated, *pro se* litigant unfamiliar with Rules 30 and 37, would be unjust, especially in light of Defendants' failure to follow the proper procedure in scheduling Plaintiff's deposition. Moreover, it is not clear whether Plaintiff's failure to appear for his deposition was intentional or the result of a scheduling error amongst prison officials. The Court **DENIES** Defendants' motion for sanctions.

## V. CONCLUSION

Defendants' motion to compel Plaintiff to attend his deposition is **GRANTED**. Defendants need not seek a further court order for Plaintiff's deposition, as this order will satisfy the requirements of Federal Rule 30(a)(2). Defendants' motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 29, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[4] The Court notes that fact discovery in this case concluded on February 8, 2016. (ECF No. 109.) Defendants filed this ex parte motion on January 19, 2016, before the close of fact discovery. The Court required further briefing from Plaintiff, which extended beyond the deadline of fact discovery. Because the delay was as result of the Court's requested briefing, the Court will allow for an extension of fact discovery for the limited purpose of taking Plaintiff's deposition. This order does not extend the deadline for any additional fact discovery, nor does it impact any of the other deadlines set forth in this Court's Scheduling Order. (ECF No. 109.)