UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Meeks,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. Nunez, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 13cv973-GPC-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER** |

## I.　BACKGROUND

The case is proceeding on Plaintiff's amended complaint filed on March 16, 2015, against defendants Nunez and Scott for use of excessive force in violation of the Eighth Amendment. (ECF No. 74.) On October 8, 2015, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings establishing pretrial deadlines for the parties, including a deadline of May 2, 2016 for pretrial motions.[1] (*Id.*) On January 19, 2016, Defendants filed a motion to compel Plaintiff's deposition. (ECF No. 124), which the Court granted on February 29, 2016. (ECF No. 132.) Defendants' current motion seeks an extension of the deadline to file pretrial motions set forth in the scheduling order. Defendants explain that Plaintiff has been placed in a crisis

---

[1] Defendants' Motion to Amend the Scheduling Order lists that deadline as March 8, 2016.

unit housing facility, and as a result, they are unable to schedule his deposition. (*Id.*; *see also* ECF No. 133-2 at ¶ 4.) Because Defendants do not know when they will be able to schedule Plaintiff's deposition, they seek an extension of the pretrial motion deadline. (ECF No. 133-1.) Defendants propose a new deadline for pretrial motions of April 21, 2016. (ECF No. 133-1 at 5.)

## II.  RELEVANT LAW

In general, the pre-trial scheduling order can only be modified "upon a showing of good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing Fed. R. Civ. P. 16(b)). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. If the party seeking the modification was not diligent, the schedule should not be modified. *Id.*; *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

## III.  DISCUSSION

Defendants appear to be confused regarding the dates in the scheduling order. Whereas Defendants' motion states a deadline of March 8, 2016 for pretrial motions, the deadline is actually May 2, 2016. (*See* ECF No. 109 at 3 "All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions must be filed by May 2, 2016.") The Court is not aware of <u>any</u> deadlines on March 8, 2016.[2] Because the deadline for pretrial motions is on May 2, 2016, the Court finds that Defendants' request for an extension is premature and they have not shown good cause to warrant amending the scheduling order at this juncture. Moreover, the date Defendants suggest as the new deadline, April 21, 2016, is over a week *before* the actual deadline of May 2, 2016. The Court, therefore, **DENIES** Defendants' motion.

///

---

[2] The Court notes a deadline for the exchange of rebuttal experts on March 7, 2016, but Defendants specifically state that the only deadline "immediately impacted" by Plaintiff's placement in the crisis unit is the "cut-off date for the filing of motions pursuant to FRCP 56(b)." (ECF No. 133-1 at 5.)

### IV. CONCLUSION

Defendants' Motion to Amend the Scheduling Order is **DENIED**.

IT IS SO ORDERED.

Dated: March 10, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge