# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>A. NUNEZ, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13cv973-GPC(BGS)<br><br>**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY RULING AND DENYING DEFENDANTS' MOTION FOR AN ORDER IMPOSING TERMINATING SANCTIONS**<br><br>[Dkt. Nos. 141, 142.] |

On February 29, 2016, the Magistrate Judge issued an order granting Defendants' motion to compel Plaintiff's deposition and denying Defendants' motion for attorney's fees. (Dkt. No. 132.) On April 17, 2016[1], Plaintiff filed the instant Objections to the Magistrate Judge's discovery order. (Dkt. No. 141.) On April 25, 2016, Defendants filed a motion for an order imposing terminating sanctions against Plaintiff. (Dkt. No. 142.) Based on the reasoning below, the Court OVERRULES Plaintiff's Objections to the Magistrate Judge's order, and DENIES Defendants' motion for an order imposing terminating sanctions.

**Procedural Background**

Plaintiff was served with a notice of deposition setting his deposition on January

---

[1] Under the "mailbox rule" a document is deemed filed when a prisoner delivers the document to prison staff for mailing that day. Houston v. Lack, 487 U.S. 266 (1988)

14, 2016 at CSP-Corcoran where he is confined. (Dkt. No. 124-1, Pattison Decl. ¶ 4; Ex. A.) On January 14, 2016, defense counsel attempted to take Plaintiff's deposition and was informed by correctional staff that Plaintiff was refusing to attend his deposition. (Id. ¶ 5, Ex. B (transcript).) On January 12, 2016, Plaintiff filed an objection to the notice of deposition which the Court received on January 15, 2016. (Dkt. No. 126.) In that objection, Plaintiff asserts that no deposition will take place because Defendants have not responded to his request for production of documents sent on October 29, 2015 and November 24, 2015. (Id. at 1.) In addition, Plaintiff states his legal materials and property have been unlawfully withheld from him, which includes Defendants' address. (Id.) Lastly, Plaintiff has not been provided access to the law library so that he can access legal reference materials to assist him in prosecuting his case. (Id. at 2.)

Because of Plaintiff's failure to attend his deposition, on January 19, 2016, Defendants filed an ex parte motion to compel Plaintiff's deposition and for attorney's fees. (Dkt. No. 124.) After the Magistrate Judge issued a briefing schedule, on February 9, 2016, Plaintiff timely filed a response. (Dkt. No. 129.) On February 17, Defendants filed a reply. (Dkt. No. 130.)

On February 29, 2016, the Magistrate Judge granted Defendants' motion to compel Plaintiff's deposition and denied Defendants' motion for attorney's fee. (Dkt. No. 132.) On March 17, 2016, Plaintiff filed a notice of appeal of the Magistrate Judge's order. (Dkt. No. 136.) Then on April 17, 2016, Plaintiff filed the instant Objections to the Magistrate Judge's order on Defendant's motion to compel. (Dkt. No. 141.)

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, a notice of appeal from a nonappealable order does not divest the district court of jurisdiction.

Estate of Marilyn Marie Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir.1993). Here, Plaintiff objects from a nonappealable discovery order of the Magistrate Judge. Thus, this Court has jurisdiction to address Plaintiff's Objections to the Magistrate Judge's ruling on Defendant's motion to compel.

## Discussion

### A. Standard of Review of Magistrate Judge's Discovery Order

Under Federal Rule of Civil Procedure ("Rule") 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. Fed. R. Civ. P. 72(a). In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard. Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

While Plaintiff did not file a timely objection to the Magistrate Judge's discovery ruling, the Court considers his Objections.

### B. Plaintiff's Objections

The Magistrate Judge concluded that Plaintiff's objection to his deposition notice was not a basis for refusing to appear for his deposition. (Dkt. No. 132 at 4.) Instead, Plaintiff was required to note his objections on the record but proceed with the deposition as required under Rule 30(c)(2). (Id.) However, the Magistrate Judge noted that Defendants erred and did not comply with Rule 30(a)(2) by seeking leave of court to depose a person confined in prison. (Id.) Despite the error by Defendants, the Magistrate Judge's concluded that the court's order would satisfy the leave of court requirement under Rule 30(a)(2) and granted Defendants' motion to compel Plaintiff's deposition.

Plaintiff objects arguing that he was not required to attend his deposition on January 14, 2016 because he filed a timely objection. (Dkt. No. 141 at 3.) He also argues that the Magistrate Judge's basis for his ruling is flawed because Plaintiff had a "scheduled priority Ducat-appointment with his mental health services providers and primary clinician" on a daily and weekly basis. (Id.) Because the issue of Defendants' failure to seek leave of court prior to noticing Plaintiff's deposition was first raised by the Magistrate Judge, Plaintiff now argues that the Magistrate Judge's order was in error because Defendants did not seek leave of Court prior to noticing Plaintiff's deposition. He contends that the Court's order does not satisfy the "leave of court" requirement under Rule 30(a)(2). Therefore, the proper procedure would have been to deny Defendants' motion and then any subsequent motion by Defendants would be barred because the discovery cut-off deadline passed on February 8, 2016. Rule 30 allows a party, "by oral questions, [to] depose any person, including a party[.]" Fed. R. Civ. P. 30(a)(1). When the deponent is confined to prison, the deposing "party must obtain leave of court." Fed. R. Civ. P. 30(a)(2). A party is required to appear for a properly noticed deposition. See Anderson v. Air West, Inc., 542 F.2d 1090, 1092-93 (9th Cir. 1976). Rule 30 allows for objections to the deposition "whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition–must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id. Rule 30(d)(3) provides: "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3).

Rule 37 provides that "a party may move for an order compelling disclosure or

discovery." Fed. R. Civ. P. 37(a)(1). Rule 37 also provides for sanctions for a party refusing to attend a deposition after receiving proper notice. Fed. R. Civ. P. 37(d).

Here, Plaintiff's reasons for objecting to the notice of deposition were not valid bases to refuse to attend his deposition. Plaintiff did not specifically object to the conduct of his deposition but objected because Defendants allegedly did not comply with his requests for production of documents. Defendants' alleged failure to comply with Plaintiff's discovery requests is a separate issue and should have been raised before the Magistrate Judge. The scheduling order in this case filed on October 8, 2105 provides, "[i]f the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules." (Dkt. No. 109 at 2.) Plaintiff should have raised any discovery issues concerning his requests with the Magistrate Judge. Moreover, any inability to attend his deposition due to a scheduled medical appointment should be raised to Defendants or the Magistrate Judge. Plaintiff's lack of access to his legal materials or the law library can be raised separately with the Magistrate Judge. None of the Plaintiffs' reasons for refusing to attend his deposition are supported by the Rules. See Fed. R. Civ. P. 30.

However, it was within Plaintiff's right to refuse to attend the deposition on January 14, 2016 since it was not properly noticed as Defendants failed to obtain leave of court to depose Plaintiff. However, it was not contrary to law for the Magistrate Judge to construe the court's order as granting Defendants' leave of court to depose Plaintiff. Therefore, despite Defendants' failure to obtain leave of Court, the Magistrate Judge did not err by granting Defendants' motion to compel the deposition of Plaintiff. Thus, the Court OVERRULES Plaintiff's Objections.

**C.    Defendants' Motion for Order Imposing Terminating Sanctions**

In connection with Plaintiff's refusal to attend his court compelled deposition, Defendants seek an order imposing terminating sanctions and dismissing the action for Plaintiff's failure to comply with two noticed depositions and Plaintiff has made clear

he will not cooperate with Defendants' attempt to take his deposition. (Dkt. No. 142-1.)

After receiving the Magistrate Judge's order granting their motion to compel, Defendants attempted to schedule Plaintiff's deposition. Due to Plaintiff's transfer from CSP-Corcoran to the Mental Health Crisis Unit at the California Medical Facility, the deposition could not be scheduled. (Dkt. No. 142-3, Soto-Vacil Decl. ¶ 2.) In late March 2016, Defendants learned that Plaintiff had been transferred back to CSP-Corcoran. (Id. ¶ 4.) After consultation with the litigation coordinator at Corcoran, Defendants noticed Plaintiff's deposition on April 19, 2016. (Id. ¶ 5.) On April 19, 2016, Defendants attempted to take Plaintiff's deposition but he refused to attend stating that he had not received any documentation about the deposition. (Dkt. No. 142-2, Pattison Decl. ¶¶ 12, 13.) Thus, Defendants' filed the instant motion for Plaintiff's failure to comply with two noticed depositions and indicated that he will not cooperate with Defendants' attempt to depose him.

However, on April 17, 2016, prior to the deposition, Plaintiff mailed his Objections to the Magistrate Judge's ruling on the motion to compel. (Dkt. No. 141.) While the Objections are not timely, the ruling on the Magistrate Judge's order was subject to review by the undersigned judge. Now that the Court has overruled Plaintiff's objection, Defendants may now proceed with noticing Plaintiff's deposition. If Plaintiff continues to refuse to attend his deposition, Defendants may refile its motion for an order imposing terminating sanctions. At this time, the Court DENIES Defendants' motion for an order imposing terminating sanctions.

**Conclusion**

Based on the above, the Court OVERRULES Plaintiff's Objections to the Magistrate Judge's ruling on Defendants' ex parte motion to compel Plaintiff's deposition. The Court also DENIES Defendants' motion for order imposing terminating sanctions. The Magistrate Judge shall reopen discovery to allow the taking of Plaintiff's deposition, and issue a scheduling order to reset remaining dates in this

1 case.

2      Plaintiff **shall** comply with the deposition notice and if there are objections, he
3 shall state the objections on the record. If Plaintiff fails to comply, Defendants may
4 refile a motion for order imposing termination sanctions and Plaintiff's first amended
5 complaint may be subject to dismissal.

6      IT IS SO ORDERED.

7

8 DATED: May 4, 2016

9
10                           HON. GONZALO P. CURIEL
                            United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28