# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>A. NUNEZ, et al.,<br><br>　　　　　　　　　Defendant. | CASE NO. 13cv973-GPC(BGS)<br><br>**ORDER SUMMARILY DENYING DEFENDANTS' MOTION FOR AN ORDER IMPOSING TERMINATING SANCTIONS AGAINST PLAINTIFF** |

On May 16, 2016, Defendants A. Nunez and T. Scott filed a motion[1] for an order imposing terminating sanctions for Plaintiff's failure to comply with the Court's order filed on May 4, 2016 compelling Plaintiff to appear for his deposition on May 9, 2016. (Dkt. No. 149.) Based on the reasoning below, the Court summarily DENIES Defendants' motion for an order imposing termination sanctions.[2]

**Background**

On May 4, 2016, the Court issued an order overruling Plaintiff's objections to the Magistrate's ruling on Defendants' ex parte motion to compel, denying Defendants'

---

[1] The Court notes that Defendants failed to obtain a hearing date on their motion as required under the Civil Local Rules.

[2] The Court summarily denies the motion due to efficiency and because denial is clearly warranted in this case. This case is over three years old, and letting the motion proceed through the report and recommendation process or through a motion briefing schedule with the undersigned judge will unnecessarily delay this case for several months.

... 

motion for terminating sanctions and ordered that Plaintiff attend his deposition. (Dkt. No. 145.) On May 5, 2016, Defendants contacted the Corcoran prison litigation office to schedule a date for Plaintiff's deposition and was advised that May 9, 2016 was available and then the next available date was not until after May 23, 2016.[3] (Dkt. No. 149-3, Soto-Vancil Decl. ¶¶ 2, 3.) On May 5, 2016, Defendants served via overnight delivery on Plaintiff a Notice of Deposition for his deposition to be taken on May 9, 2016. (Dkt. No. 149-2, Pattison Decl. ¶ 8.) On May 5, 2016, after talking with the litigation coordinator on how best to get a copy of the Notice of Deposition as soon as possible, the litigation coordinator advised that if she faxed a copy of the Notice of Deposition, he would make sure that Plaintiff received a copy. (Dkt. No. 149-3, Soto-Vancil Decl. ¶ 4.) On the morning of May 6, 2016, the litigation coordinator left a voicemail message confirming that the copy of the Notice of Deposition was delivered to Plaintiff. (Id.) That same morning, Defendants contacted the litigation coordinator to request that he deliver a copy of the Court's order to Plaintiff. (Id. ¶ 5.) The Court's order was emailed to the litigation coordinator and he later confirmed that Plaintiff had received a copy of the Court's order that morning. (Id.; Ex. B.) On May 9, 2016, at 9:15 a.m., Defendants received a call from the litigation coordinator advising that Plaintiff had stated he was refusing to attend his deposition and did not provide a reason. (Id. ¶ 6; Dkt. No. 149-2, Pattison Decl. ¶ 11.) Defense counsel incurred attorney's fees and costs in the amount of $1,408.61. (Id. ¶ 14.)

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Courts construe "reasonable notice" to be five days, if the deposition notice does not require production of documents at the deposition. Guzman v. Bridgepoint Educ., Inc., Civil No. 11cv69-WHQ(WVG), 2014 WL 1670094, at 2 (S.D. Cal. Apr. 28, 2014); see also Pac. Mar. Freight, Inc. v. Foster, No. 10cv578-BTM(BLM), 2013 WL 6118410 at *2 n.2 (S.D.

---

[3] If Defendants had concerns regarding the deadline, May 24, 2016, for deposing Plaintiff, they could have sought relief from the Magistrate Judge.

1 Cal. 2013) (at least five days notice is sufficient for a party's deposition); <u>Jones v. United States</u>, 720 F. Supp. 355, 366 (S.D.N.Y.1989) (holding that eight days' notice was reasonable)). One court found that one-day notice was reasonable because the parties were on an expedited discovery schedule, the need for a deposition arose suddenly and unexpectedly, and deposition was brief and conducted over the telephone. <u>Natural Organics v. Proteins Plus, Inc.</u>, 724 F. Supp. 50, 52 n. 3 (E.D. N.Y. 1989). The unique facts in <u>Natural Organics</u> mandated a one-day notice and is not the norm. See <u>Al-Kidd v. Gonzales</u>, No. CV 05-93-S-EJL-MHW, 2008 WL 2788418, at *5 (D. Idaho July 17, 2008) ("notice of deposition here was given to the Federal Defendants after normal business hours on a Friday, five days before the deposition was to be taken" was found to be unreasonable); <u>Memorial Hospice, Inc. v. Norris</u>, No. 08cv48-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (finding that three days notice was unreasonable).

Here, Defendants provided Plaintiff with only two days notice of his deposition. Moreover, those two days consisted of a weekend. As the cases above demonstrate, two days notice is clearly unreasonable under Rule 30(b)(1). Furthermore, the unreasonableness is exacerbated because Plaintiff had not yet received the Court's order from the Clerk of Court.[4] Even though Defendants provided Plaintiff with a copy of the Court's order on Friday, two days is not sufficient time for a pro se Plaintiff to review and digest the Court's ruling and prepare for his deposition. In addition, Defendants, as Correctional Officers, should appreciate the additional time needed for Plaintiff, as a prisoner, to receive mail. Therefore, Defendants have unnecessarily incurred attorney's fees and costs.

## Conclusion

Accordingly, the Court summarily DENIES Defendants' motion for an order imposing terminating sanctions. The Court DIRECTS Defendants to wait until

---

[4] The Court's order was mailed out on Wednesday, May 4, 2016. It is highly unlikely that Plaintiff, incarcerated at Corcoran, received his legal mail by the morning of Monday, May 9, 2016.

sufficient time has passed to allow Plaintiff to receive the instant Court order prior to noticing another deposition. As the Court stated in its prior order,

> Plaintiff **shall** comply with the deposition notice and if there are objections, he shall state the objections on the record. If Plaintiff fails to comply, Defendants may refile a motion for order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal.

(Dkt. No. 145 at 7.) Once reasonable notice of his deposition is provided to Plaintiff and he fails to comply, Defendants may refile a motion for order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal.

IT IS SO ORDERED.

DATED: May 19, 2016

HON. GONZALO P. CURIEL
United States District Judge