UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Brandon Meeks,<br><br>                              Plaintiff,<br>v.<br><br>A. Nunez; T. Scott,<br><br>                            Defendant. | Case No.: 13cv973-GPC-BGS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR MISCELLANEOUS RELIEF AND SETTING FORTH AMENDED BRIEFING SCHEDULE** |
|---|---|

## I. BACKGROUND

On July 13, 2016, Plaintiff filed a motion requesting a copy of the Court's Order dated June 22, 2016. (ECF No. 173.) The Court granted this request on July 15, 2016 and ordered the Clerk of Court to (1) provide Plaintiff with a copy of the docket proceedings to date so that Plaintiff may review it; and (2) provide Plaintiff with a copy of the Court's June 22, 2016 Order [at docket number 163] which sets forth a briefing schedule on Defendants' Motion for Terminating Sanctions. (ECF No. 175.) The Court also set forth an amended briefing schedule on Defendants' Motion for Terminating Sanctions. (*Id.*)

On August 11, 2016, Plaintiff filed a Motion for Extension of Time to File Opposition, Motion for Ruling, in which he again states that he has not received the Court's order at Docket No. 163 or an order on his Motion requesting a copy of the

Court's Order filed on July 13, 2016 (ECF No. 173).  (*See* ECF No. 180.)  Plaintiff also requests additional time to file his opposition.  (*Id.*)

## II. DISCUSSION

This is the second time that Plaintiff has claimed he has not received mail from the Court setting forth a briefing schedule for Defendants' Motion for Terminating Sanctions. (ECF Nos. 173, 180.)  Initially, the Court offered Plaintiff the benefit of the doubt regarding whether or not he received mail from the Court.  However, the Court now feels it necessary to point out that there is a presumption that mail from the Court not returned as undeliverable was, in fact, received. *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) (noting that where court's docket included notations that a judgment was mailed and not returned by the post office, its receipt may be assumed).  This presumption can only be overcome by clear and convincing evidence that the mail was not received. *See In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped, and deposited into the mail is presumed to be received by the addressee . . . The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished.")  Plaintiff has presented no evidence that he has not received any of the Court's orders.  Nor has any mail been returned to the Court as undeliverable.  The Court finds that Plaintiff has not presented clear and convincing evidence of his failure to receive this Court's orders, as is required to rebut the presumption that mail sent from the Court was, in fact, received.

Plaintiff is advised of the importance of his participating in the litigation process, a process he initiated by filing this lawsuit.  **The Court will allow Plaintiff two weeks to file his opposition to Defendants' Motion**.  The Clerk is again ordered to send a copy of ECF No. 163 to Plaintiff, but Plaintiff is advised that the contents of that order have all been repeated in this order (with dates and deadlines adjusted), and **failure to receive ECF No. 163 will not excuse a failure to file an opposition motion to Defendants' Motion for Terminating Sanctions**.

**Plaintiff must file his opposition with the court and serve it on Defendants by**

**August 29, 2016**. The opposition is limited to twenty pages. The Defendants can then file papers in reply to Plaintiff's papers, and those papers have to be filed by Defendant with the court and served on Plaintiff by **September 6, 2016**. Defendants' reply brief is limited to ten pages.

Plaintiff is cautioned that a failure to file and serve an Opposition to the Motion by the August 29, 2016 deadline may result in the Court issuing a recommendation that this action be dismissed. *See e.g., Sanchez v. Rodriguez*, 298 F.R.D. 460, 468 (C.D. Cal. 2014). Terminating sanctions can be imposed if the plaintiff's noncompliance is "'due to willfulness, bad faith or fault.'" *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir.1993) (citation omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). In deciding Defendants' Motion for Terminating Sanctions, the Court will analyze Defendants' allegations and supporting authority, as well as Plaintiff's response to their motion. If Defendants' motion for terminating sanctions is granted, Plaintiff's case will be dismissed and there will be no trial.

### III. CONCLUSION

1. Plaintiff is ordered to file an opposition to Defendants' Motion for Terminating Sanctions **no later than August 29, 2016**.
2. Defendants may file a reply **no later than September 6, 2016**.
3. The Clerk of Court is ordered to mail a copy of ECF Nos. 163, 174, and 175 to Plaintiff.
4. The Clerk of Court is ordered to mail a copy of this Order to Plaintiff.

IT IS SO ORDERED.

Dated: August 15, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge