UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Meeks,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. Nunez, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 13cv973-GPC-BGS<br><br>**ORDER DENYING PLAINTIFF'S FOURTH MOTION TO APPOINT COUNSEL** |

Before the Court is Plaintiff's Motion to Appoint Counsel. (ECF No. 177.) Based on the reasoning below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

## I. Background

On April 23, 2013, Plaintiff filed a 42 U.S.C. § 1983 complaint against Defendants for constitutional violations for an incident on April 25, 2011. (ECF No. 1.) On October 15, 2013, Plaintiff filed a motion to appoint counsel. (ECF No. 17.) On November 5, 2013, Magistrate Judge Skomal denied Plaintiff's motion. (ECF No. 21.)

On September 29, 2014, Plaintiff filed another motion to appoint counsel. (ECF No. 56.) In that motion, Plaintiff sought appointment of counsel to assist in conducting discovery and claimed to have a disability under the Americans with Disabilities Act ("ADA") which makes it difficult for him to read, write and understand materials in the case. (*Id.*) Judge Curiel denied Plaintiff's motion for counsel on October 6, 2014. (ECF

No. 62.)  In that order, Judge Curiel noted that Plaintiff provided no evidence to support his disability or the nature of his disability.  (*Id.* at 3:19-21.)

On November 30, 2015, Plaintiff filed a third motion to appoint counsel.  (ECF No. 114).  In that motion, Plaintiff again sought appointment of counsel to assist in conducting discovery and again claimed to have a disability under the ADA.  (*Id.*)  Judge Skomal denied Plaintiff's motion for counsel on December 11, 2015.  (ECF No. 116.)  In that order, Judge Skomal noted that Plaintiff's arguments were no different than his prior requests for appointment of counsel, all of which the Court denied, and that Plaintiff still provided no evidence to support his disability or the nature of his disability.  (*Id.* at 3-4.)

Plaintiff filed the instant motion, his fourth request for appointment of counsel, on July 20, 2016.  (ECF No. 177.)

## II.   Plaintiff's Request

In support of his request for appointment of counsel, Plaintiff submits a declaration wherein he states that he cannot afford to hire a lawyer.  (ECF No. 177 at 1, ¶ 2.)  He also states that he is extremely limited in his ability to litigate his case due to his imprisonment, and his case will likely involve substantial investigation and discovery.  (*Id.* at 3, ¶ 2.)  He states that the issues in his case are complex, and a lawyer would help him to: (1) prepare for an evidentiary hearing and/or discovery requests (*id.* at 2, ¶ 1), (2) appoint and examine expert witnessess (*id.* at 4, ¶ 2).  He alleges that issues such as credibility, qualified immunity, affirmative defenses, standards of review, and burdens of proof support the appointment of counsel.  (*id.* at 3, ¶ 3 and 4, ¶ 2.)

The rest of Plaintiff's declaration alleges events not raised in the Complaint, and are therefore irrelevant to the determination of the instant motion.

## III.   Standard

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); s*ee also Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to

counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); s*ee also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**IV.   Discussion**

Plaintiff's arguments are no different than his prior requests for appointment of counsel. Plaintiff states that he cannot afford to hire a lawyer (ECF No. 177 at 1, ¶ 1), he cannot conduct an investigation and discovery (*id.* at 3, ¶ 2) and the case involves complex legal issues (*id.* at 2, ¶ 1). He made these exact arguments in his first request for appointment of counsel, which this Court denied on November 5, 2013. (*See* ECF No. 21.) For example, Plaintiff's current declaration again states that he has a limited education, but lacks evidence or explanation as how that impacts his ability to litigate his case. An examination of the docket indicates that Plaintiff has participated in the discovery process, the meet and confer process, and has filed over twenty-seven documents with the Court. (*See e.g.*, ECF Nos. 17, 23, 31, 33, 36, 38, 50, 56, 58, 61, 63, 72, 74, 80, 83, 88, 90, 94, 100, 105, 114, 118, 129, 135, 140, 141, 155.) Plaintiff has presented no new arguments in support of his request for counsel. As before, the Court finds that neither the interests of justice nor exceptional circumstances warrant the

1 | appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

The Court, therefore, **DENIES** Plaintiff's Motion to Appoint Counsel.

**IT IS SO ORDERED.**

Dated: August 15, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge