UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Meeks,<br><br>                    Plaintiff,<br><br>v.<br><br>A. Nunez; T. Scott,<br><br>                    Defendant. | Case No.:  13cv973-GPC-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 185) AND ORDERING PLAINTIFF TO REFILE HIS OBJECTION BY SEPTEMBER 30, 2016** |

## I. BACKGROUND

On July 5, 2016, *nunc pro tunc*, June 30, 2016, the Court received a Notice and Request for Ruling by Plaintiff.  (ECF No. 169.)  In this motion, Plaintiff stated that he filed an objection on May 7, 2016 to an order of the Court.  (*Id.* at 1.)  Plaintiff stated that this objection was never filed, and requested that it be filed on the docket.  (*Id.* at 1-2.)  On July 14, 2016, the Court acknowledged that Plaintiff's objection was not reflected on the docket, and allowed Plaintiff the opportunity to refile it.  (ECF No. 174.)

On August 29, 2016, Plaintiff filed an objection to this Court's Order (ECF No. 174), stating that the "Court has circumvented addressing the fact that plaintiff's objection dated 5/7/16 was in fact received by the Court and not filed in the docket nor returned to plaintiff as undeliverable."  (ECF No. 185.)  Plaintiff further argues that,

because the Court "has not specifically denied receipt of plaintiff's objection, therefore the order is misguided and clearly erroneous as to a refiling by plaintiff, this is based on the fact that legal mail sent to the court was in fact received." (*Id.* at 2-3.)

The Court first notes that Plaintiff files this objection pursuant to Federal Rule of Civil Procedure 46.  This Federal Rule is applicable to objections made during the course of a trial.  As a result, the Court will construe Plaintiff's objection as a motion for reconsideration.

## II.   RELEVANT LAW

The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs.  *Lockert v. United States Dept. of Labor*, 867 F.2d 513, 518 (9th Cir. 1989).  Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.  *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988), *amended*, 860 F.2d 357 (9th Cir. 1988).  For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition."  *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982); *accord Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir. 1989).

A court may have discretion to reopen a previously resolved question under one or more of the following circumstances: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; (5) a manifest injustice would otherwise result.  *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993).

## III.   DISCUSSION

In this motion, Plaintiff requests an order (1) Directing the clerk to file plaintiff's objection and Notice of Appeal dated 5/7/16 in the court docket (nunc pro tunc) (2) Corrective Action by the Court (3) Set the matter for hearing (4) Order the clerk and all responsible parties to show cause (5) Any other and further relief deemed just by the Court.  (ECF No. 185 at 3.)  Plaintiff offers no additional information not previously

before this Court when it issued its order on July 14, 2016. (ECF No. 174.) Notwithstanding, the Court will address each of Plaintiff's requests in turn.

### A. Plaintiff's Request for the Court to Direct the Clerk to File Plaintiff's Objection and Notice of Appeal Dated 5/7/16

The Court once again acknowledges that Plaintiff's objection dated 5/7/16 is not reflected on the docket. **The Court is not in possession of any such objection**. As a result, the Court cannot order something to be filed that it does not possess. The only remedy available to the Court is to allow Plaintiff to re-file the objection so that the Court can address the objection's merits and rule accordingly. The Court offered such a remedy in its prior order, and will do so once more. If Plaintiff would like the Court to rule on his objection, he must re-file it by **September 30, 2016**. If Plaintiff does not have a copy of the objection he originally filed, he can re-draft his objection and file that with the Court. If Plaintiff files his objection by **September 30, 2016**, the Court will deem the objection timely and rule on the merits. If Plaintiff does not file the objection by **September 30, 2016**, the objection will be untimely and the Court will overrule it on that basis.

### B. Plaintiff's Request for Corrective Action

The Court GRANTS the above outlined corrective action of allowing Plaintiff the opportunity to refile an objection four months after he says he filed it. Plaintiff must re-file his objection by **September 30, 2016**.

### C. Plaintiff's Request for a Hearing

Plaintiff's request for a hearing is DENIED. The Court has discretion to decide a motion without oral argument. Local Rule 7.1(d)(1).

### D. Plaintiff's Request for an Order to Show Cause

Plaintiff requests this Court issue an Order to Show Cause to the clerk of Court. This request is DENIED. Plaintiff misunderstands the Order to Show Cause procedure. A court will issue an Order to Show Cause when a party is alleged to have violated a court order or requirement under the Federal Rule of Civil Procedure. Here, the clerk of

Court is neither a party to this action, nor have they been shown to have violated any order by this Court.  Moreover, Plaintiff has already been afforded a remedy for any prejudice he might have suffered as a result of his document not being filed: an extension. This is the second extension afforded Plaintiff.  He will not be granted another.  **No other objections on this issue will be entertained.  Plaintiff is ordered to file his objection by September 30, 2016**.

IV. CONCLUSION

    Plaintiff must re-file his objection by **September 30, 2016**.

    IT IS SO ORDERED.

Dated:  September 2, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge