UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Brandon Meeks, | Case No.: 13cv973-GPC-BGS |
| --- | --- |
| Plaintiff, | **REPORT AND RECOMMENDATION REGARDING** |
| v. | |
| A. Nunez; T. Scott, | **1. DEFENDANTS' MOTION FOR TERMINATING SANCTIONS; AND** |
| Defendant. | |
| | **2. PLAINTIFF'S MOTION TO SUPPRESS HIS DEPOSITION** |

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Brandon Meeks ("Meeks"), a state prisoner proceeding *pro se*, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983, alleging constitutional violations for an incident occurring on April 25, 2011.  (Doc. No. 74.)  The alleged incident took place during Meeks's incarceration at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California. (*Id.* at 3.)  On October 8, 2015, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings establishing pretrial deadlines for the parties, including a deadline of February 8, 2016, for completion of discovery.  (*See* ECF No. 109.)

Before the Court are two motions: Defendants' Motion for Terminating Sanctions

and Plaintiff's Motion to Suppress his Deposition. (ECF Nos. 158-1 and 195, respectively) The Court will address each motion separately.

## II. PLAINTIFF'S MOTION TO SUPPRESS HIS DEPOSITION

On September 22, 2016, Plaintiff filed a Motion to Suppress Deposition. (ECF No. 195.) In this motion, Plaintiff "formally objects to how the officer transcribed the testimony or prepared, signed, certified, sealed, endorsed, sent or otherwise dealt with the deposition." (*Id.* at 1.) Plaintiff explains that the deposition transcript contains numerous "errors and irregularities . . . to the point that it is misleading and does not accurately transcribe the actual and specific testimony of Brandon Meeks." (*Id.* at 2.) Plaintiff also states that he moved to terminate his deposition to obtain an order from the Court regarding his objections. (*Id.* at 3.)

Defendants attach an edited version of Plaintiff's deposition testimony to their reply brief. (ECF No. 201-2.) To the extent the deposition was inaccurately transcribed, Plaintiff has had the opportunity to correct these errors, and has done so. (Id.) Moreover, the Court also finds that Plaintiff's objection that his deposition was being conducted for purposes of harassment is without merit. Indeed, the deposition was being conducted pursuant to numerous court orders.[1] As a result, the Court **DENIES** Plaintiff's Motion to Suppress Deposition.

## III. DEFENDANTS' MOTION FOR TERMINATING SANCTIONS

On June 20, 2016, Defendants filed the instant motion for terminating sanctions against Plaintiff for violating a court order by his refusal to participate in his deposition. (ECF No. 158-1.)

---

[1] The Court acknowledges that a Court order compelling the deposition does not insulate a deposition from being used for the purposes of harassment. However, the Court determines that this deposition was not being used for the purposes of harassment, and there is no evidence to support such a showing. A review of the deposition transcript indicates that the only question posed by Defense counsel was: "Are you taking any medications currently?" This question is a standard question during a deposition, and does not constitute harassment. As a result, the Court interprets Plaintiff's objection of harassment as to the taking of his deposition in general. The Court finds this objection improper, given that this Court compelled the deposition.

### A. Relevant Background

#### 1. First Deposition Attempt in January 2016

On January 19, 2016, Defendants filed a Motion to Compel Plaintiff's deposition. (ECF No. 124.) In that motion, Defendants explained that they had attempted to take Plaintiff's deposition on January 14, 2016, and Plaintiff had refused. (*Id.*) On January 20, 2016, *nunc pro tunc* January 15, 2016, the Court received an objection by Plaintiff to his deposition. (ECF No. 126.) Plaintiff objected on the basis that Defendants had not responded to his discovery requests and because he had not been provided access to the law library. (*Id.* at 2.) The Court issued an order granting Defendants' Motion to Compel on February 29, 2016. (ECF No. 132.) In this order, the Court noted that Defendants had not sought leave from the Court to depose Plaintiff. (*Id.* at 4-5.) Although Plaintiff had not objected on that basis, the Court acknowledged that he would have been within his right to do so. (*Id.* at 4.) Notwithstanding, the Court determined that its order would satisfy the requirement for leave of court to take Plaintiff's deposition, and compelled Plaintiff's participation. (*Id.* at 5.)

#### 2. Second Deposition Attempt in April 2016

Defendants attempted to take Plaintiff's deposition on April 19, 2016, and Plaintiff again refused to attend. (Pattison Decl. ¶ 5.) As a result, Defendants filed a motion for terminating sanctions on April 25, 2016. (ECF No. 142.) On April 20, 2016, Plaintiff filed an objection to this Court's February 29, 2016 Order granting Defendants' motion to compel his deposition. (ECF No. 141.) In that objection, Plaintiff argued that Defendants did not have leave of Court to take his deposition. (*Id.* at 3-4.) He further stated that he "is not required to attend the the (sic) deposition on Jan. 14, 2016 or any other time because he 'filed a timely objection.' (ECF No. 129 at 2.)" (ECF No. 141 at 3.)

On May 4, 2016, the Honorable Judge Curiel issued an order overruling Plaintiff's objections and denying Defendants' motion for terminating sanctions. (ECF No. 145.) The Court ordered Plaintiff to appear for his deposition, stating:

1        Plaintiff **shall** comply with the deposition notice and if there are objections,
2        he shall state the objections on the record.  If Plaintiff fails to comply,
3        Defendants may refile a motion for an order imposing termination sanctions
4        and Plaintiff's first amended complaint may be subject to dismissal.
5 (ECF No. 145, 7:2-5, emphasis in original.)

                **3. Third Deposition Attempt on May 9, 2016**

7      On May 9, 2016, Defendants attempted to take the deposition of Plaintiff, but Plaintiff refused to attend.  (Pattison Decl. ¶ 8.)  On May 16, 2016, Defendants filed a motion with the Court seeking terminating sanctions and dismissal of the action due to Plaintiff's refusal to attend his deposition.  (ECF No. 149.)  On May 19, 2016, the Honorable Judge Curiel issued an order denying the motion for terminating sanctions, noting that Defendants had provided Plaintiff with only two days' notice of the deposition.  (ECF No. 151 at 3.)  The Court directed Defendants to wait until sufficient time passed to allow Plaintiff to receive the Court's order prior to noticing another deposition.  (*Id.* at 4.)  The Court added: "Once reasonable notice of his deposition is provided to Plaintiff and he fails to comply, Defendants may refile a motion for order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal." (*Id.*)

                **4. Fourth Deposition Attempt on May 27, 2016**

     On May 27, 2016, Defendants served Plaintiff with a notice of deposition setting his deposition for June 13, 2016.  (Decl. of Michelle Soto Vancil, ¶¶ 5, 6, Ex. A.)  On June 2, 2016, Plaintiff filed an objection to the Court's May 19, 2016, order in which he stated that he would not attend any deposition because he considered the order unlawful and he was under no obligation to comply with it.  (ECF No.155.)  In this objection, Plaintiff relied primarily on his claim that Defendants had not received leave of court pursuant to Federal Rule of Civil Procedure 30(a)(2).  The Honorable Judge Curiel issued an order overruling Plaintiff's objections on June 15, 2016.  (ECF No. 156.)

///

**5. Fifth Deposition Attempt on June 13, 2016**

On June 13, 2016, Defendants attempted to take the deposition of Plaintiff. The deposition was recorded and transcribed by Thomas Lange, CSR# 4689. Plaintiff testified as follows:[2]

> Q: Thank you. Are you taking any medications currently?
>
> A: I object to the question, and I object to the deposition in its entirety. I, plaintiff Brandon Meeks, hereby move to terminate this deposition on the grounds that it's been – it is being conducted in bad faith for purposes to harass. The noticed deposition by Richard Pattison under Federal Rules of Civil Procedure 30 is procedurally defective as defendants did not obtain leave of court as required to conduct plaintiff's deposition, as he's currently incarcerated at the California Men's Colony. The order by the Magistrate Judge, Bernard G. Skomal, and the district judge, Gonzalo P. Curiel was not entered in compliance with rules, and any subsequent notice, including this notice dated May 27, 2016 by Richard Pattison, defendants' attorney, is procedurally defective as noticed under Federal Rules of Civil Procedure 30 because the rule in question was not followed by the defendants. The Plaintiff hereby moves to terminate this deposition on grounds that it's being conducted in bad faith and for purposes to harass the plaintiff.
>
> Q: So you're refusing to participate?
>
> A: Well, I'm moving to terminate this deposition. I have already filed objections with the court, and a motion to terminate will be filed regarding this proceedings. I'm here for the purpose of – for the sake of legal argument only.

---

[2] Plaintiff alleges that portions of the transcript do not reflect his testimony. In their reply brief, Defendants provide the Court with an edited version of Plaintiff's transcript. The Court includes Plaintiff's edits in this Order.

> Q: So you're simply here to place your objection on the record and you're refusing to continue?
>
> A: On the grounds that objections have been filed with the court regarding the court's previous order dated May 4 and May 19th by Gonzalo P. Curiel and on the amended scheduling order by the magistrate judge. Objections have been filed with the court regarding those orders, and a motion to terminate these proceedings is also underway. So that is my objection for the purpose of this procedurally defective noticed deposition. And I'm requesting a copy of this plaintiff's objections on the record from the reporter.
>
> Mr. Pattison: Well, Mr. Meeks, since you're refusing to continue, I guess we're concluded. Thank you.

On June 20, 2016, Defendants filed the instant motion for terminating sanctions against Plaintiff for violating a court order by his refusal to participate in the deposition. (ECF No. 158-1.)

**B. Plaintiff's Response to Defendants' Motion for Terminating Sanctions**

Plaintiff filed a response to Defendants' Motion for Terminating Sanctions on October 5, 2016. (ECF No. 198.) In this brief, Plaintiff states that Defendants have failed to seek and obtain leave of Court to take his deposition, and therefore, the deposition was procedurally defective. (*Id.* at 2.) Plaintiff explains that the Court previously issued an "erroneously misconstrued order to compel Plaintiff's deposition on 2/29/16 (Dkt. No. 132.)." (Id.)

**C. Relevant Law**

Rule 37(b)(2)(A) provides the Court with the power to issue such sanction orders as are "just" when a party has failed to comply with discovery orders. Such sanctions may include, an order that the subject matter of the discovery shall be taken to be established in accordance with the defendant's defense, or that the plaintiff may not support or oppose designated claims or defenses or introduce designated matters into

evidence, or dismissing the action in whole or in part, or finding the plaintiff to be in contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also Roadway Express v. Piper*, 447 U.S. 752, 763, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). The sanction to be ordered is within the Court's discretion, and if the sanction ordered is less than dismissal, the plaintiff's noncompliance need not be proven to be wilful or in bad faith. *See, e.g.*, *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir. 1976); *see also Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (for purposes of Rule 37(b)(2) "a party 'refuses to obey' simply by failing to comply with an order").

If, however, the contemplated sanction is dismissal, dismissal is appropriate only if the plaintiff's noncompliance is "'due to willfulness, bad faith or fault.'" *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (citation omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). This requirement, however, does not require a finding of wrongful intent or any particular mental state. Rather, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted); *see also Henry*, 983 F.2d at 948 (same).

Before case-dispositive sanctions may be ordered pursuant to Rule 37(b)(2)(A), in addition to determining whether the requisite willfulness, bad faith, or fault exists, a court must consider and weigh the following five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *See, e.g., Conn. Gen.*, 482 F.3d at 1096; *Henry*, 983 F.2d at 948. When the violation of a court order serves as the basis for a terminating sanction request, factors (1) and (2) support the imposition of such sanctions and factor (4) cuts against them, and thus, factors (3) and (5) are the critical factors to consider. *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051,

1057 (9th Cir. 1998); *Henry*, 983 F.2d at 948.

### D. Plaintiff's Status as a Pro Se Prisoner

Plaintiff is a prisoner proceeding on a *pro se* basis in this case. While a party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, *pro se* status does not excuse intentional noncompliance with discovery rules and court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the imposition of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Gordon v. County of Alameda*, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("*pro se* plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208–09 (S.D.N.Y. 2002) ("giving appropriate recognition as necessary to the difference of status, Rule 37 sanctions may be applied to *pro se* litigants no less than to those represented by counsel"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (opining that "[i]f a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant," and affirming the dismissal of a pro se prisoner's complaint as a discovery sanction).

"*Pro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*overturned on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action). "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal," because "all litigants, including *pro ses*, have an obligation to comply with court orders." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (affirming Rule 37(b)(2) dismissal of *pro se* plaintiff's case in view of his failure to appear for deposition

"in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action").

### E. Plaintiff's Failure to Participate in his Deposition was Willful

The record establishes that Defendants made **five** separate attempts to depose Plaintiff. On each occasion, Plaintiff either refused to attend or refused to participate. In its order addressing Defendants' Motion to Compel, this Court explained to Plaintiff that, "[u]nder the Federal Rules of Civil Procedure, Plaintiff could not refuse to appear for his deposition based on his objections. Instead, Plaintiff was required to note his objections on the record, but proceed with the deposition." (ECF No. 132 at 4 citing Fed. R. Civ. P. 30 (c)(2).) In this same order, the Court granted Defendants' motion to compel, and noted that they need not seek a further court order for Plaintiff's deposition, as the instant order will satisfy the requirements of Federal Rule 30(a)(2). Plaintiff filed an objection with the District Judge (ECF No. 141). The Court overruled Plaintiff's objections on May 4, 2016. (ECF No. 145.) In so doing, the Court stated that "Here, Plaintiff's reasons for objecting to the notice of deposition were not valid bases to refuse to attend his deposition." (*Id.* at 5.) The Court concluded that

> it was not contrary to law for the Magistrate Judge to construe the court's order as granting Defendants' leave of court to depose Plaintiff. Therefore, despite Defendants' failure to obtain leave of Court, the Magistrate Judge did not err by granting Defendants' motion to compel the deposition of Plaintiff. Thus, the Court OVERRULES Plaintiff's Objections.

(*Id.*) Plaintiff also appealed this order to the Ninth Circuit (ECF No. 136), who determined that they lacked jurisdiction and dismissed the appeal. (ECF No. 153.)

Plaintiff filed yet another objection to the Court's determination overruling his objections, which was again overruled by the District Judge on June 15, 2016. (ECF No. 156.) A review of Plaintiff's testimony during the deposition again reiterates his disagreement with the rulings of the Court and his refusal on that basis to participate in his deposition. (ECF No. 201-2.)

The record makes clear that Plaintiff's failure to participate in his deposition to the extent he plainly could do so—i.e., by answering questions in good faith—was not outside his control. Rather, it was a choice he made based on objections that had been overruled numerous times by this Court.[3] For these reasons and under the prevailing legal standards discussed earlier, the Court concludes that Plaintiff's failure to participate in his deposition, despite being ordered to do so, was wilful for purposes of Rule 37(b)(2).

### F. Analysis of Factors for Dismissal

#### 1. Factors One and Two: The Public Interest in Expeditious Resolution of Litigation and The Court's Need to Manage its Dockets

These factors support dismissing this case as a sanction under Rule 37(b)(2)(A)(v). Plaintiff has flouted several of this Court's Orders, which has caused this action to come to a stall and to consume an unwarranted and inordinate amount of this Court's time and resources to deal with a problem arising solely from Plaintiff's failure and refusal to meet his discovery obligations and to comply with court orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming a dismissal under Fed. R. Civ. P. 41(b) based on the same five-factor test and finding the first and second factors "strongly support[ed]" dismissal when the pro se plaintiff's "vexatious noncompliance" with the court's orders caused the case to drag on and consume "large amounts of the court's valuable time").

#### 2. The Risk of Prejudice to The Party Seeking Sanctions

The third factor weighs heavily in favor of dismissal in this case. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or

---

[3] The Court reiterates this point for emphasis. Plaintiff made objections that the deposition was being conducted for purposes of harassment, and requested an order from the Court terminating the deposition. Although this is an otherwise valid basis to refuse to testify, this deposition had been ordered by the Court, and Plaintiff had been ordered multiple times to provide testimony. As a result, Plaintiff had no good faith basis to believe the deposition was being conducted for the purposes of harassment and, instead, simply sought to shirk his obligations to meaningfully participate in the discovery process.

threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The presumption of prejudice to defendants caused by plaintiff's wilful failure to participate in his deposition and to comply with this Court's Orders is not rebutted. Because plaintiff is a *pro se*, incarcerated litigant, there has been no Rule 26(a) initial disclosure in this case. Thus, defendants have been forced to rely solely on discovery as a means of ascertaining the facts and evidence on which plaintiff bases his claims and intends to proceed at trial. Plaintiff, however, will not participate in the discovery process, despite this Court's repeated Orders directing him to do so. Defendants cannot reasonably prepare for trial if plaintiff refuses to provide participate in the discovery process. Thus, defendants have been prejudiced in their ability to prepare for trial. Accordingly, the Court concludes that the third factor militates in favor of dismissal. *See, e.g., Hyde & Drath v. Baker*, 24 F.3d 1162, 1166–67 (9th Cir. 1994) (finding prejudice due to plaintiffs' repeated failure to appear at scheduled depositions, which left defendants without crucial information and unable to construct their defense).

### 3. The Public Policy Favoring Disposition Of Cases On The Merits

While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who repeatedly ignore court orders and who refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits. Plaintiff cannot legitimately expect this case to proceed to a merits disposition if he refuses to provide defendants with his testimony. *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (the fourth factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation omitted).

### 4. Availability of Less Drastic Sanctions

The fifth factor is the only factor that this Court finds cuts *against* dismissal. For a

1 party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action
2 including: (1) designate facts as established; (2) refuse to allow the disobedient party to
3 support or oppose designated claims; (3) prohibit the disobedient party from introducing
4 designated matters in evidence; (4) strike out pleadings or parts thereof; (5) stay further
5 proceedings until an order is obeyed; (6) dismiss an action, proceeding or any part
6 thereof; or (7) render judgment by default against the disobedient party.  Fed. R. Civ. P.
7 37(d) (cross referencing sanctions identified in Rule 37(b)(2)(A) through (C).

      Because there are less drastic options available, the Court **RECOMMENDS** that Defendants' Motion for Terminating Sanctions be **DENIED**.  However, the Court **RECOMMENDS** that, as an alternative sanction, Plaintiff be prohibited from using his testimony as evidence to support his case.  By precluding the taking of his deposition, Plaintiff has thwarted the purpose of the discovery process and prevented Defendants from learning key facts about Plaintiff's claims.  Plaintiff cannot shield his testimony from Defendants, only to capitalize on that unilateral knowledge at trial.  Indeed, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by . . . unnecessary use of defensive weapons or evasive responses." (Fed. R. Civ. P. 26 advisory notes (internal citations omitted).)  The Court finds that precluding Plaintiff from using his testimony at trial prevents any prejudice to Defendants and allows this matter to proceed to resolution.

## IV. CONCLUSION

      This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1).  For the reasons set forth above, it is **RECOMMENDED** that:

    1. Plaintiff's Motion to Suppress his Deposition be **DENIED**.
    2. Defendants' Motion for Terminating Sanctions be **DENIED** but that the Court issue an alternative sanction precluding Plaintiff from offering his testimony at

trial.

**IT IS ORDERED** that no later than **November 23, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 7, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

IT IS SO ORDERED.

Dated: November 9, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge