UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Brandon Meeks, | Case No.: 13cv973-GPC-BGS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| A. Nunez, et al., | **1. OVERRULING PLAINTIFF'S OBJECTION TO A PRIOR RULING, and** |
| Defendants. | |
| | **2. DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

On September 8, 2016, Plaintiff filed an objection to a prior order of this Court denying his request for counsel. (ECF No. 192.) On January 4, 2017, Plaintiff filed a motion to appoint counsel. (ECF No. 215.) Based on the reasoning below, the Court **OVERRULES** Plaintiff's objection and **DENIES** his Motion to Appoint Counsel.

I. BACKGROUND

On April 23, 2013, Plaintiff filed a 42 U.S.C. § 1983 complaint against Defendants for constitutional violations for an incident on April 25, 2011. (ECF No. 1.) On October 15, 2013, Plaintiff filed a motion to appoint counsel. (ECF No. 17.) On November 5, 2013, Magistrate Judge Skomal denied Plaintiff's motion. (ECF No. 21.)

On September 29, 2014, Plaintiff filed another motion to appoint counsel. (ECF

No. 56.) In that motion, Plaintiff sought appointment of counsel to assist in conducting discovery and claimed to have a disability under the Americans with Disabilities Act ("ADA") which makes it difficult for him to read, write and understand materials in the case. (*Id.*) Judge Curiel denied this request for counsel on October 6, 2014. (ECF No. 62.) In that order, Judge Curiel noted that Plaintiff provided no evidence to support his disability or the nature of his disability. (*Id.* at 3:19-21.)

On November 30, 2015, Plaintiff filed a third motion to appoint counsel. (ECF No. 114). In that motion, Plaintiff again sought appointment of counsel to assist in conducting discovery and again claimed to have a disability under the ADA. (*Id.*) Judge Skomal denied Plaintiff's motion for counsel on December 11, 2015. (ECF No. 116.) In that order, Judge Skomal noted that Plaintiff's arguments were no different than his prior requests for appointment of counsel, all of which the Court denied, and that Plaintiff still provided no evidence to support his disability or the nature of his disability. (*Id.* at 3-4.)

On July 20, 2016, Plaintiff filed a fourth motion to appoint counsel. (ECF No. 177.) In that motion, Plaintiff stated that he cannot afford to hire a lawyer (ECF No. 177 at 1, ¶ 1), he cannot conduct an investigation and discovery (*id.* at 3, ¶ 2) and the case involves complex legal issues (*id.* at 2, ¶ 1). The Court denied Plaintiff's motion on August 15, 2016. (ECF No. 182.) In its order denying Plaintiff's motion, the Court noted that Plaintiff made the same arguments in his first request for appointment of counsel, which was denied on November 5, 2013. (*See* ECF No. 21.)

On September 9, 2016, Plaintiff filed an objection to this Court's order denying his motion to appoint counsel. (ECF No. 192.) In that motion, Plaintiff states that his previous filing was not a motion for appointment of counsel as the Court construed it, but rather a request for a reasonable accommodation under the ADA. (*Id.* at 2.) Based on his alleged disability, Plaintiff requests an evidentiary hearing to determine his ability to litigate his case. (*Id.*) He also requests that the Court appoint him counsel "to assist Plaintiff before the Court." (*Id.*)

On January 4, 2017, Plaintiff filed a motion for Appointment of Counsel. (ECF

No. 215.) In this motion, Plaintiff requests counsel pursuant to 28 USC § 1915(d). (*Id.* at 1.) Plaintiff states that appointment of counsel is necessary because he is "unlearned in the law," has a "limited grade education," is "indigent and cannot afford to obtain counsel," and "because of his incarceration, is unable to obtain crucial evidence under discovery that only an attorney can obtain through cooperation." (*Id.* at 1.)

## II. STANDARD

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); s*ee also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); s*ee also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

## III. DISCUSSION

### A. Plaintiff's Objection to this Court's Prior Order Denying His Request for Counsel

In this objection, Plaintiff states that the Court previously misconstrued his prior

letter (ECF No. 56) as a motion to appoint counsel, when it was actually a "Request for Assitance from the Court." (ECF No. 192 at 2.) The Court notes that this motion was filed nunc pro tunc on September 25, 2014 (ECF No. 56) and the Honorable Judge Curiel denied this motion on October 6, 2014. (ECF No. 62.) Plaintiff provides no explanation for waiting two years to make his objection.

Moreover, there is no procedure for Plaintiff to file objections to rulings of the District Judge, and Plaintiff provides no legal authority supporting his assertion. Additionally, Judge Curiel did not misunderstand Plaintiff's request as he noted in his Order that Plaintiff claimed to have a disability under the ADA. (ECF No. 62 at 3.) However, as Judge Curiel stated, and this Court again reiterates, Plaintiff has not provided *any* evidence to support his disability or the nature of his disability. (ECF No. 62 at 3.) As a result, Plaintiff's objection is **OVERRULED**.

### B. Plaintiff's Motion for Appointment of Counsel

Plaintiff's Motion for Appointment of Counsel argues that Plaintiff is "unlearned in the law," has a "limited grade education," cannot afford counsel, and cannot "obtain crucial evidence under discovery" due to his incarceration. (ECF No. 215 at 1.) Plaintiff's arguments in this motion are no different than his prior requests for appointment of counsel. He made these exact arguments in his first request for appointment of counsel, which this Court denied on November 5, 2013. (*See* ECF No. 21.)

Plaintiff contends that appointed counsel would assist him in the investigation and discovery involved in his case. (ECF No. 215 at 1.) However, factual disputes and anticipated examinations of witnesses at trial do not warrant the finding of exceptional circumstances supporting an appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc) (holding that the appellant "may well have fared better [with appointed counsel]—particularly in the realms of discovery and the securing of expert testimony—but this is not the test"); *see also Peterson v. Anderson*, 2009 WL 4506542, at *3 (D. Mont. Dec. 2,

2009) (citing *Wilborn*, 789 F.2d at 1331) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex."). Indeed, "any pro se litigant certainly would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525; *see also Wilborn*, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." *Rand*, 113 F.3d at 1525; *see also Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Despite his assertions to the contrary, Plaintiff has not shown anything in the record that makes this case "exceptional" or the issues in it particularly complex.

Moreover, an examination of the docket indicates that Plaintiff has participated in the discovery process, the meet and confer process, and has filed over forty motions or objections with the Court, including a response to a motion for terminating sanctions. (*See e.g.*, ECF Nos. 17, 23, 31, 33, 36, 38, 50, 56, 58, 61, 63, 72, 74, 80, 83, 88, 90, 94, 100, 105, 114, 118, 129, 135, 140, 141, 155, 157, 169, 173, 177, 180, 185, 188, 192, 195, 198, 200, 212, 215.)

The Court denied Plaintiff's four previous requests for counsel (ECF Nos. 17, 56,[1] 114, 177), and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. Plaintiff has failed to demonstrate an inability to represent himself beyond the ordinary burdens encountered by pro se parties, and the Court finds that the "exceptional circumstances" required for court-appointed counsel are absent.

---

[1] Plaintiff asserts that this motion was not a motion to appoint counsel, but rather a request for reasonable accommodation under the ADA. Because Plaintiff requested a reasonable accommodation in the form of an attorney, and the Court provided legal analysis regarding Plaintiff's right to counsel, the Court includes this filing as an example of the Court's reasoning for previously denying Plaintiff's claims regarding his need for counsel.

1 | *See, e.g.*, *Agyeman*, 390 F.3d at 1103; *Wilborn*, 789 F.2d at 1331.  Accordingly,
2 | Plaintiff's Motion for Appointment of Counsel is **DENIED**.
3 |       **IT IS SO ORDERED.**

Dated:  January 12, 2017

                                      Hon. Bernard G. Skomal
                                      United States Magistrate Judge