1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| BRANDON MEEKS, | CASE NO. 13cv973-GPC(BGS) |
| Plaintiff, | **ORDER OVERRULING PLAINTIFF'S OBJECTIONS** |
| vs. | |
| A. NUNEZ, et al., | [Dkt. Nos. 157, 200.] |
| Defendant. | |

11
12
13
14
15
16

**A.      June 15, 2016 Objection**

17

On June 15, 2016, Plaintiff Brandon Meeks, an inmate proceeding *pro se*, filed an objection to the Court's order filed on May 19, 2016, (Dkt. No. 151), directing Plaintiff to comply with the deposition notice as it is "misguided, contrary to law and clearly erroneous." (Dkt. No. 157 at 1-2.)  Plaintiff also argues that, on May 8, 2016, he filed an objection to the Court's order filed on May 4, 2016, (Dkt. No. 145), which was never docketed and never addressed.  He further claims that the Magistrate Judge's second amended scheduling order dated May 19, 2016, (Dkt. No. 152), was clearly erroneous and contrary to law.

18
19
20
21
22
23
24

Plaintiff repeats arguments addressed previously by the undersigned judge and the Court construes his Objections as a motion for reconsideration as there is no

25
26
27
28

[13cv973-GPC(BGS)]

1    provision to object to a district judge's order.[1]

2         "Reconsideration is appropriate if the district court (1) is presented with newly

3    discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3)

4    if there is an intervening change in controlling law."  Sch. Dist. No. 1J, Multnomah

5    County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see Orange Street

6    Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration

7    should not be granted, absent highly unusual circumstances, unless the district court

8    is presented with newly discovered evidence, committed clear error, or if there is an

9    intervening change in the controlling law.")  "A motion for reconsideration cannot be

10   used to ask the Court to rethink what the Court has already thought through merely

11   because a party disagrees with the Court's decision.  Collins v. D.R. Horton, Inc., 252

12   F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp. 2d

13   1112, 1116 (D. Az. 1998)).

14        The arguments presented in the Objection has already been raised and addressed

15   by the undersigned judge.  (See Dkt. Nos. 145, 156.)  As to his first objection to the

16   Court directing Plaintiff to comply with the deposition notice, the Court explained that

17   while Defendants initially failed to obtain leave of court to depose Plaintiff as required

18   by the Federal Rule of Civil Procedure ("Rule"), "it was not contrary to law for the

19   Magistrate Judge to construe the court's order as granting Defendants' leave of court

20   to depose Plaintiff."  (Dkt. No. 145 at 5.)  Therefore, the Court directed Plaintiff to

21   comply with the deposition notice.  (Id. at 7.)  Furthermore, while Plaintiff objects to

22   the Court's prior orders filed May 4, 2016 and May 16, 2016, the Court previously

23   noted that "there is no procedure for Plaintiff to file objections to rulings of the

24   undersigned judge, and Plaintiff provides no legal authority supporting his assertion."

25

26        [1]Plaintiff claims he is entitled to object to any court order under Federal Rule of
     Civil Procedure 46.  However, Rule 46 provides a procedure to object during trial, not
27   to court orders prior to trial. See Schissel v. Wells, No. 07-C-0722, 2007 WL 2116376,
     at *7 (E.D. Wis. July 19, 2007) (Plaintiff's objection to court order construed as motion
     for reconsideration since no trial has taken place); see e.g., Sprynczynatyk v. Gen.
28   Motors Corp., 771 F.2d 1112, 1118 (8 Cir. 1985) (applying Rule 46 in context of trial).

1   (Dkt. No. 156 at 2.)

2       As to the objection that the Court never docketed his objection sent on May 8,

3   2016, the Court noted that the docket does not reflect any objection or notice of appeal

4   filed after the Court's order entered on May 4, 2016.  (Dkt. No. 156.)  Even the

5   Magistrate Judge concluded that the Court is not in possession of any objection or

6   notice of appeal dated May 7, 2016.  (Dkt. Nos. 174, 190 at 3.)  The Magistrate Judge

7   responded to Plaintiff's concerns and provided him the two opportunities to re-file the

8   Objection he claims he mailed on May 8, 2016, but he has failed to resubmit it.  (Dkt.

9   Nos. 174, 190.)

10       Next, Plaintiff objects to the second amended scheduling order of the Magistrate

11   Judge because the date of the case management conference was incorrect, stating

12   October 30, 2014 instead of October 29, 2015.  In its prior order, the Court overruled

13   the objection noting that it appeared the error was a typographical mistake as the case

14   management conference was held on October 29, 2015 and there was no prejudice or

15   harm to Plaintiff.  (Dkt. No. 156.)

16       Plaintiff has not presented any newly discovered evidence, demonstrated any

17   clear error or any intervening change in controlling law to justify reconsideration of the

18   Court's prior orders.    Accordingly,  the Court DENIES Plaintiff's motion for

19   reconsideration and OVERRULES his Objection filed on June 15, 2016.

20   **B.    October 5, 2016 Objection**

21       On October 5, 2016, Plaintiff filed another Objection to the Magistrate Judge's

22   order, (Dkt. No. 190), denying Plaintiff's motion for reconsideration and ordering

23   Plaintiff to refile his allegedly missing objection dated May 7, 2016.  (Dkt. No. 200.)

24   He argues the order was not entered in compliance with the Rules and is erroneous and

25   contrary to law.  (Id. at 1.)

26       On July 5, 2016, Plaintiff filed a request for ruling asking that the court file his

27   objections dated May 7, 2016.  (Dkt. No. 169.)  He claims that after the Court issued

28   its order, dated May 4, 2016, overruling Plaintiff's Objections to Magistrate Judge's

discovery ruling and denying Defendants' motion for terminating sanctions, and required that Plaintiff attend his deposition, Plaintiff filed an objection to the Court's order, which was dated May 7, 2016 and mailed on May 8, 2016. (Id.) He claims that Clerk's office has failed to exercise due diligence by not filing his objection. (Id.) On July 14, 2016 the Magistrate Judge denied his request for ruling noting that an objection dated May 7, 2016 was not found on the docket but granted Plaintiff permission to refile his objections. (Dkt. No. 174.)

On August 29, 2016, Plaintiff filed an Objection to the Magistrate Judge's order arguing that the Court had not specifically denied receipt of his objection and had circumvented the issue; therefore, he claims the Magistrate Judge's order was misguided and clearly erroneous. (Dkt. No. 185.)

On September 2, 2016, the Magistrate Judge construed Plaintiff's Objection as a motion for reconsideration. (Dkt. No. 190.) The court again acknowledged that Plaintiff's objection dated May 7, 2016 is not reflected on the docket and stated that the Court is not in possession of the objection. (Id. at 3.) The Magistrate Judge again granted Plaintiff permission to re-file his objection by September 30, 2016. (Id.)

In his instant Objection, it appears Plaintiff is arguing that the undersigned judge should have ruled on his Request for Ruling, (Dkt. No. 169), and Objection to Pretrial Order of the Magistrate Judge, (Dkt. No. 185), instead of the Magistrate Judge.

It was not erroneous or contrary to law for the Magistrate Judge to construe Plaintiff's Objection to Magistrate Judge's order as a motion for reconsideration. Plaintiff essentially sought the same relief as his request for ruling and the Magistrate Judge provided him relief by allowing him to re-file his May 7, 2016 objection. To date, Plaintiff has not re-filed that Objection. Moreover, on June 2, 2016, Plaintiff had already raised this issue with the undersigned judge by filing an Objection that included an argument that his May 8, 2016 Objection had not been addressed by the Court. (Dkt. No. 155.) On June 15, 2016, the Court noted that the docket does not reflect any objection or notice of appeal filed after the Court's order entered on May

[13cv973-GPC(BGS)]

4, 2016. (Dkt. No. 156.) On June 24, 2016, Plaintiff filed a notice of appeal to the Court's order, (Dkt. No. 156), overruling his objections which the Ninth Circuit dismissed for lack of jurisdiction on October 20, 2016. (Dkt. Nos. 165, 204.)

Plaintiff has provided no legal authority that the Magistrate Judge's order was erroneous or contrary to law. Thus, the Court OVERRULES Plaintiff's Objection filed On October 5, 2016.

## Conclusion

Based on the above, the Court DENIES Plaintiff's motion for reconsideration and OVERRULES Plaintiff's Objection filed on June 15, 2016 and OVERRULES Plaintiff's Objection filed on October 5, 2016.

IT IS SO ORDERED.

DATED: January 19, 2017

HON. GONZALO P. CURIEL
United States District Judge

[13cv973-GPC(BGS)]