# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>         Plaintiff,<br> vs.<br><br>A. NUNEZ, et al.,<br><br>         Defendant. | CASE NO. 13cv973-GPC(BGS)<br><br>**ORDER DENYING PLAINTIFF'S SIXTH MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Dkt. No. 222.] |

Before the Court is Plaintiff's sixth motion for appointment of counsel.[1] (Dkt. No. 215.) Based on the reasoning below, the Court DENIES Plaintiff's motion for appointment of counsel.

**Background**

On April 23, 2013, Plaintiff filed a 42 U.S.C. § 1983 complaint against the defendants for constitutional violations for an incident occurring on April 25, 2011. (Dkt. No. 1.)

On October 15, 2013, Plaintiff filed his first motion to appoint counsel.[2] (Dkt.

---

[1] The Court notes that most recently, on January 4, 2017, Plaintiff filed a motion to appoint counsel which the Magistrate Judge denied on January 19, 2017. (Dkt. Nos. 215, 217.)

[2] In that motion, Plaintiff requested appointment of counsel due to the following: (1) he cannot afford to hire a lawyer; (2) he cannot conduct an investigation or discovery; (3) the case involves complex legal issues;(4) he is not sufficiently trained in legal matters; (5) his access to the law library and legal resources is limited; and (6) he has clubbed fingers that make extensive writing burdensome.

No. 17.) On November 5, 2013, Magistrate Judge Skomal denied Plaintiff's motion to appoint counsel. (Dkt. No. 21.) Subsequently, Defendants filed a motion to dismiss for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. Nos. 12, 18.) A report and recommendation granting Defendants' motion to dismiss was filed; however, due to a recent Ninth Circuit decision,[3] the Court declined to adopt the report and recommendation and denied Defendants' motion to dismiss. (Dkt. No. 45.)

Defendants then filed a motion for summary judgment on June 6, 2014. (Dkt. No. 47, 48.) Plaintiff filed an opposition on July 21, 2014. (Dkt. No. 50.) A reply was filed on July 29, 2014 and July 31, 2014. (Dkt. Nos. 51, 52.) On August 26, 2014, Magistrate Judge Bernard G. Skomal issued a report and recommendation granting all Defendants' motion for summary judgment for failure to exhaust and also granted Defendant Wilborn's motion to dismiss with prejudice. (Dkt. No. 53.)

On September 29, 2014, Plaintiff filed another motion to appoint counsel which the Court construed as a motion for reconsideration. (Dkt. Nos. 56, 62.) In that motion, Plaintiff sought appointment of counsel in order to conduct discovery and an evidentiary hearing and claimed to have a disability under the Americans with Disabilities Act ("ADA") making it hard for him to read, write, and understand materials regarding his case. (Dkt. No. 56.) The Court concluded that "[b]esides general allegations that he has a disability under the ADA, Plaintiff does not provide any evidence to support his disability or the nature of his disability" and his complaint contained facts sufficient to survive the sua sponte screening under 28 U.S.C. §§

---

[3] In a recent decision, the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) concerning the proper procedural device to raise the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1168-69 (9th Cir. 2014). The court in Albino held that exhaustion should be raised either through 1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare occasion that failure to exhaust is clear on the face of the complaint; or 2) a motion for summary judgment. Id. An unenumerated Rule 12(b) motion, as held in Wyatt, is no longer the procedural method to raise the exhaustion issue. Id.

1915(e)(2) and 1915A(b). (Dkt. No. 62 at 3.) The Court concluded that to date, "Plaintiff has prosecuted this case without delay and has been able to articulate relief in his pleadings." (Id.)

Subsequently, on January 6, 2015, the Court adopted in part and declined to adopt in part the Magistrate Judge's report and recommendation. The Court denied Defendants' motion for summary judgment and granted Plaintiff leave to file a first amended complaint. (Dkt. No. 66.) On March 16, 2015, after seeking leave to amend, Plaintiff filed a first amended complaint. (Dkt. No. 74.) Defendants then filed another motion to dismiss and after briefing and a report and recommendation, on September 16, 2015, the Court adopted the Magistrate Judge's R&R and granted Defendant Wilborn's motion to dismiss. (Dkt. No. 102.)

On November 30, 2015, Plaintiff filed another motion to appoint counsel which the Magistrate Judge denied. (Dkt. Nos. 114, 116.) Plaintiff's arguments were no different than his prior requests for appointment of counsel. Plaintiff states that he cannot afford to hire a lawyer (ECF No. 114 ¶ 1), he cannot conduct an investigation and discovery (id. at ¶ 2), the case involves complex legal issues (id. at ¶ 3), and his access to the law library and legal resources is limited (id. at ¶7). He made these exact arguments in his first request for appointment of counsel, which this Court denied on November 5, 2013. The Magistrate Judge noted that an examination of the docket indicates that Plaintiff has participated in the discovery process, the meet and confer process, and has filed over nineteen documents with the Court citing Dkt. Nos. 17, 23, 31, 33, 36, 38, 50, 56, 58, 61, 63, 72, 74, 80, 83, 88, 90, 94, 100. (Dkt. No. 116 at 4.)

On July 20, 2016, Plaintiff filed yet another motion to appoint counsel. (Dkt. No. 177.) The Magistrate Judge denied his fourth motion to appoint counsel on August 15, 2016 as the reasons for appointment of counsel were no different than his previous motions. (Dkt. No. 182.) As such, the court found "that neither the interests of justice nor exceptional circumstances warrant the appointment of counsel." (Id. at 3-4.)

On January 4, 2017, Plaintiff filed his fifth motion to appoint counsel. He

declares that he has a disability covered under Title II of the ADA which makes it difficult to him to read, write and understand materials and writes "Schizoaffective Disorder." (Dkt. No. 215 at 6.) He also states that his fingers are clubbed and that he does not fully understand the court's most recent report and recommendation filed on November 9, 2016. (Id.) On January 12, 2017, the Magistrate Judge overruled Plaintiff's objection to its prior order denying his request for counsel, (Dkt. No. 192), and denied Plaintiff's motion to appoint counsel concluding that Plaitniff has not presented any new facts justifying such extraordinary relief. (Dkt. No. 216 at 5.)

The instant motion is titled, "Inmate Request for Assistance From the Court" and Plaintiff essentially seeks appointment of counsel due to his claimed disability of "Mental Disorder: Schizoaffective Disorder." (Dkt. No. 222 at 2.)

**Discussion**

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Here, the Court has denied Plaintiff's numerous requests for appointment of counsel presenting the same arguments. In this motion, Plaintiff attaches an "Inmate Request for Assistance From the Court", a form to advise the court that the inmate is claiming a disability and requesting reasonable accommodations under the ADA. (Dkt. No. 222.) The form requires a CDCR employee to assist an inmate in completing the

form. (Id.) Dr. Jeffrey Prestler, a forensic psychologist, assisted Plaintiff by listing his claimed disability as: "Mental Disorder: Schizoaffective Disorder." (Id. at 2.) The requested accommodation for his alleged disability is "Assignment of Counsel." (Id.) The Court construes the "Inmate Request for Assistance From the Court" as a motion for appointment of counsel.

In Allen v. Calderon, the Ninth Circuit held that a party "proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented ." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (addressing Rule 17(c) whether a guardian ad litem should be appointed, not whether counsel should be appointed for the underlying proceeding). The Ninth Circuit reversed the district court's dismissal of petitioner's habeas petition for failing to prosecute. In Allen, the pro se petitioner as well as another inmate submitted a sworn declaration that the petitioner was mentally ill and did not understand the court's instructions. Id. at 1152. Allen also included a letter from the prison psychiatrist whose care he was under stating his diagnosis as "Chronic Undifferentiated Schizophrenia" and that the petitioner was taking psychotropic medications. Id. at 1152-53. The court held that the district court erred in dismissing the petition without evaluating his claims of incompetence concluding that when substantial evidence of incompetence is presented, a pro se party is entitled to a competency determination. Id. at 1153.

An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence. See McElroy v. Cox, Civil No. 08–1221 JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009). In McElroy, the plaintiff, a pro se prisoner in a § 1983 case, presented documents, similar to those provided in Allen to support his mental disability; however, the court found "there is no nexus between his mental disorder and his ability to articulate his claims." Id. at *3. The court found that his ability to articulate his claim was not affected by his mental disorder. Id. The plaintiff had successfully survived screening, successfully opposed Defendants' motion to

dismiss by presenting legal arguments with documentary support, and his motions for appointment of counsel were drafted with clarity and proper arguments. Id. Medical records also showed that he functions well when properly medicated. Id. The court denied Plaintiff's motion to appoint counsel because he had not shown that the interests of justice or exceptional circumstances warranted appointment of counsel. Id.

Despite filing an "Inmate Request for Assistance from the Court" asserting a mental impairment of "Schizoaffective Disorder" signed by a forensic psychologist, Plaintiff has not submitted any medical records to support his diagnosis and has not submitted any documents, such as a treating physician's notes, to demonstrate the effects of his diagnosis on the prosecution of this case. See West v. Dizon, No. 12cv1293 DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel because plaintiff merely alleged a mental disability without any evidence detailing its nature or effects which inmate has surmounted with the help of other inmates). In fact, to date, Plaintiff has successfully litigated this case. He has survived sua sponte screening, survived a motion for summary judgment on the issue of exhaustion by filing not only an opposition but also an objection to the report and recommendation. He has also responded to Defendants' motion to dismiss along with filing an objection to the report and recommendation on the motion to dismiss. Plaintiff's filings are replete with facts, supporting law and supporting documentation. As noted by the Magistrate Judge in the most recent order denying his motion to appoint counsel, Plaintiff "has filed over fourty (sic) motions or objections with the Court, including a response to a motion for terminating sanctions. (*See e.g.*, ECF Nos. 17, 23, 31, 33, 36, 38, 50, 56, 58, 61, 63, 72, 74, 80, 83, 88, 90, 94, 100, 105, 114, 118, 129, 135, 140, 141, 155, 157, 169, 173, 177, 180, 185, 188, 192, 195, 198, 200, 212, 215.)". (Dkt. No. 216 at 5.)

Plaintiff's alleged mental disability has not affected his ability to articulate his arguments and prosecute the case. Thus, the Court concludes that Plaintiff has not demonstrated "exceptional circumstances" to warrant appointment of counsel, and the

Court DENIES Plaintiff's request for assignment of counsel.

## Conclusion

Accordingly, the Court DENIES Plaintiff's motion to appoint counsel.

IT IS SO ORDERED.

DATED: February 6, 2017

HON. GONZALO P. CURIEL
United States District Judge