1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| BRANDON MEEKS, | CASE NO. 13cv973-GPC(BGS) |
|---|---|

11
| | Plaintiff, | **ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND DENYING PLAINTIFF'S MOTION TO SUPPRESS HIS DEPOSITION** |

12

vs.

13
14

A. NUNEZ, et al.,

15

| | Defendant. |

16

[Dkt. Nos. 158, 195.]

17
18

  Plaintiff Brandon Meeks ("Meeks"), a state prisoner proceeding *pro se*, filed a

19

complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations for an

20

incident occurring on April 25, 2011 at the Richard J. Donovan Correctional Facility

21

("RJDCF"). (Dkt. No. 1.) On November 9, 2016, the Magistrate Judge filed a report

22

and recommendation ("R&R") that Defendants Correctional Officers A. Nunez and T.

23

Scott's (collectively "Defendants") motion for terminating sanctions be denied but that

24

the Court issue an alternative sanction precluding Plaintiff from offering his testimony

25

at trial, and that Plaintiff's motion to suppress his deposition be denied. (Dkt. No.

26

207.) Defendants filed an objection to the R&R on November 23, 2016. (Dkt. No.

27

210.) After being granted leave to file a late objection, Plaintiff filed an objection to

28

the R&R on March 2, 2017. (Dkt. No. 232.) After a thorough review of the record, the

[13cv973-GPC(BGS)]

parties' arguments and the applicable law, the Court DECLINES to ADOPT the report and recommendation and GRANTS Defendants' motion for terminating sanction and DENIES Plaintiff's motion to suppress his deposition.

### Procedural Background

Almost four years ago, on April 23, 2013, Plaintiff filed a complaint against Defendants Correctional Officers A. Nunez and T. Scott, Correctional Sergeant J. Wilborn, and Registered Nurse M. Estrada alleging constitutional violations for an incident on April 25, 2011. (Dkt. No. 1.) After the Court ruled on Defendants' motion for summary judgment for failure to exhaust and subsequent motion to dismiss, (Dkt. Nos. 47, 48, 76), there remains but one cause of action of excessive force against Defendants Correctional Officers Nunez and Scott as pled in the first amended complaint. (Dkt. No. 74, FAC) Meeks alleges Nunez and Scott used excessive force against him by brutally attacking him which required emergency transport to TriCity Medical Center. (Id. at 5.) He claims that the "the excessive force was not applied in a good faith effort to maintain or restore order, but was done maliciously and sadistically for the purpose of causing harm by inflicting pain and suffering." (Id. at 7.)

On June 20, 2016, Defendants filed a motion for an order imposing terminating sanctions for Plaintiff's failure to comply with the Court's orders filed on February 29, 2016, (Dkt. No. 132), May 4, 2016, (Dkt. No. 145), and May 19, 2016, (Dkt. No. 151). (Dkt. No. 158.) Plaintiff filed an opposition on October 5, 2016. (Dkt. No. 198.) A reply by Defendants were filed on October 7, 2016. (Dkt. No. 201.) The Magistrate Judge filed a report and recommendation on November 9, 2016. (Dkt. No. 207.) Defendants Nunez and Scott filed their objection to the R&R on November 23, 2016. (Dkt. No. 210.) Plaintiff filed an objection to the R&R on March 2, 2017. (Dkt. No. 232.)

### Factual Background

On January 14, 2016, Defendants attempted to take the deposition of Plaintiff but

he refused to appear at the deposition.  (Dkt. No. 158-2, Pattison Decl. ¶ 1.)  On January 19, 2016, Defendants filed an ex parte motion to compel Plaintiff's deposition with the Magistrate Judge.  (Dkt. No. 124.)  On January 20, 2016, the court received an objection by Plaintiff to his deposition notice.  (Dkt. No. 126.)  Plaintiff objected on the grounds that Defendants had not responded to his discovery requests and because he had not been provided access to the law library.  (Id. at 2.)  On February 29, 2016, after considering Plaintiff's objections, the Magistrate Judge issued an order granting Defendants' motion to compel.  (Dkt. No. 132.)  The Magistrate Judge concluded that Plaintiff's objections were not sufficient reasons to refuse to answer a deposition question but instead "Plaintiff was required to note his objections on the record, but proceed with the deposition.  Fed. R. Civ. P. 30(c)(2)."  (Id. at 4.)  The Magistrate Judge also noted that Defendants had not sought leave from the Court to depose Plaintiff as required by the Federal Rules of Civil Procedure ("Rule") 30(a)(2).  (Id. at 4-5.)  Although Plaintiff had not objected on that basis, the court acknowledged that he would have been within his right to do so.  (Id. at 4.)  Notwithstanding, the Magistrate Judge determined that its order would satisfy the requirement for leave of court to take Plaintiff's deposition, and compelled Plaintiff to participate in the deposition.  (Id. at 5.)  In conclusion, the order granting Defendants' motion to compel stated, "Defendants need not seek a further court order for Plaintiff's deposition, as this order will satisfy the requirements of Federal Rule 30(a)(2)."  (Id.)

On April 20, 2016, Plaintiff filed an objection to the Magistrate Judge's February 29, 2016 Order granting Defendants' motion to compel his deposition.  (Dkt. No. 141.)  In that objection, Plaintiff argued that Defendants did not obtain leave of court to take his deposition.  (Id. at 3-4.)  He further stated that he "is not required to attend the the (sic) deposition on Jan. 14, 2016 or any other time because he 'filed a timely objection.' (ECF No. 129 at 2)."  (Dkt. No. 141 at 3.)

Subsequent to the Magistrate Judge's order, Defendants attempted to take Plaintiff's deposition on April 19, 2016, and Plaintiff again refused to attend.  (Dkt.

[13cv973-GPC(BGS)]

No. 158-2, Pattison Decl. ¶ 5.)  Defense counsel was informed by Correctional Officer Mendoza who was on the telephone with Correctional Officer Scalia at Plaintiff's housing unit that Plaintiff was refusing to appear at the deposition.  (Dkt. No. 124-1, Pattison Decl. ¶ 5.)  After confirming Plaintiff's refusal, defense counsel provided a statement on the record that Plaintiff was refusing to appear at the deposition.  (Dkt. No. 124-1, Pattison Decl., Ex. B.)  Defendants then filed a motion for terminating sanctions on April 25, 2016 due to Plaintiff's refusal to attend his deposition.  (Dkt. No. 142.)

On May 4, 2016, this Court issued an order overruling Plaintiff's objections to the Magistrate Judge's February 20, 2016 order granting Defendants' motion to compel and denied Defendants' motion for terminating sanctions.  (Dkt. No. 145.)  The Court explained that while Defendants failed to obtain leave of court to take the January 14, 2016 deposition, the Magistrate Judge did not err by construing its order as granting Defendants' leave to depose Plaintiff.  (Id. at 5.)  In conclusion, the Court ordered Plaintiff to appear for his deposition, stating:

> Plaintiff **shall** comply with the deposition notice and if there are objections, he shall state the objections on the record. If Plaintiff fails to comply, Defendants may refile a motion for an order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal.

(Dkt. No. 145 at 7 (emphasis in original).)  Following this order, on May 9, 2016, the Magistrate Judge issued another scheduling order setting May 24, 2016 to be the deadline to take Plaintiff's deposition. (Dkt. No. 146.)

On May 9, 2016, Defendants attempted to take the deposition of Plaintiff, but he again refused to appear. (Dkt. No. 158-2, Pattison Decl. ¶ 8.)  Correctional Officer Gallegos placed a statement on the record that Plaintiff refused to appear at his deposition and did not provide a reason for refusing.  (Dkt. No. 149-2, Pattison Decl., Ex. A.)  On May 16, 2016, Defendants filed a motion with the Court seeking terminating sanctions and dismissal of the action due to Plaintiff's refusal to appear at his deposition.  (Dkt. No. 149.)  On May 19, 2016, the Court issued an order summarily

denying the motion for terminating sanctions, noting that Defendants only provided Plaintiff with two days' notice of the deposition which was not "reasonable written notice" as required by the Rules. (Dkt. No. 151 at 3.) The Court directed Defendants to wait until sufficient time passed to allow Plaintiff to receive the Court's order prior to noticing another deposition. (Id. at 4.) The Court reiterated its prior order directing Plaintiff to comply with the deposition notice and "[o]nce reasonable notice of his deposition is provided to Plaintiff and he fails to comply, Defendants may refile a motion for order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal." (Id.) Following the Court's order, a second amended scheduling order was filed on May 19, 2016 directing that Plaintiff's deposition be completed by June 30, 2016. (Dkt. No. 152.)

On June 2, 2016, Plaintiff filed an objection to the Court's May 19, 2016, order in which he stated that he would not attend any deposition because he considered the order unlawful and he was under no obligation to comply with it. (Dkt. No. 157.) Plaintiff relied primarily on his argument that Defendants had not obtained leave of court pursuant to Rule 30(a)(2). (Id.) On January 19, 2017, the Court overruled Plaintiff's objections, *inter alia*, to the Court's May 19, 2016 order. (Dkt. No. 217.) The Court noted there are no provisions to object to an order of the district judge; therefore, it construed Plaintiff's objections as a motion for reconsideration. (Id. at 1-2.)

On May 27, 2016, Defendants served Plaintiff with a notice of deposition setting his deposition on June 13, 2016. (Dkt. No. 158-3, Soto Vancil Decl. ¶¶ 5, 6, Ex. A.) On June 13, 2016, Defendants attempted to take the deposition of Plaintiff. (Dkt. No. 158-2, Pattison Decl. ¶ 11.) This time Plaintiff appeared but refused to participate. (Id.) The relevant portions of Plaintiff's deposition testimony[1] are as follows:

Q: Thank you. Are you taking any medications currently?

---

[1]The testimony includes the corrections Plaintiff made to his testimony. (Dkt. No. 232 at 19-20.)

A: I object to the question, and I object to the deposition in its entirety. I, plaintiff Brandon Meeks, hereby move to terminate this deposition on the grounds that it's been – it is being conducted in bad faith for purposes to harass. The noticed deposition by Richard Pattison under Federal Rules of Civil Procedure 30 is procedurally defective as defendants did not obtain leave of court as required to conduct plaintiff's deposition, as he's currently incarcerated at the California Men's Colony. The order by the Magistrate Judge, Bernard G. Skomal, and the district judge, Gonzalo P. Curiel was not entered in compliance with rules, and any subsequent notice, including this notice dated May 27, 2016 by Richard Pattison, defendants' attorney, is procedurally defective as noticed under Federal Rules of Civil Procedure 30 because the rule in question was not followed by the defendants. The Plaintiff hereby moves to terminate this deposition on grounds that it's being conducted in bad faith and for purposes to harass the plaintiff.

Q: So you're refusing to participate?

A: Well, I'm moving to terminate this deposition. I have already filed objections with the court, and a motion to terminate will be filed regarding this proceedings. I'm here for the purpose of – for the sake of legal argument only.

Q: So you're simply here to place your objection on the record and you're refusing to continue?

A: On the grounds that objections have been filed with the court regarding the court's previous order dated May 4th and May 19th by Gonzalo P. Curiel and on the amended scheduling order by the magistrate judge. Objections have been filed with the court regarding those orders, and a motion to terminate these proceedings is also underway. So that is my objection for the purpose of this procedurally defective noticed deposition. And I'm requesting a copy of this plaintiff's objections on the record from the reporter.

Mr. Pattison: Well, Mr. Meeks, since you're refusing to continue, I guess we're concluded. Thank you.

(Dkt. No. 201-2, Pattison Decl., Ex. 1 at 6-7; Dkt. No. 232, Ps' Obj, Ex. 1 at 19-20 (same).)

On June 20, 2016, Defendants filed the instant motion for terminating sanctions against Plaintiff for violating court orders by his refusal to participate in the deposition. On November 9, 2016, the Magistrate Judge recommended that the motion for terminating sanctions be denied but that the Court issue an alternative sanction of "precluding Plaintiff from offering his testimony at trial." (Dkt. No. 207 at 12.) On November 23, 2016, Defendants objected to the R&R to the extent that it recommended sanctions instead of dismissal as the Magistrate Judge did not fully take into account

the prejudice to them.  (Dkt. No. 210.)  On March 2, 2017, Plaintiff filed an objection arguing that the R&R is contrary to law and clearly erroneous and that this Court abused its discretion when it allowed Defendants to circumvent the Rule requirement that they seeks leave of court prior to deposing Plaintiff.  (Dkt. No. 232.)

**A.    Standard of Review of Magistrate Judge's Report and Recommendation**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.; see also Fed. R. Civ. P. 72(b); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

**B.    Standard of Review of Magistrate Judge's Discovery Order**

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days.  Fed. R. Civ. P. 72(a).  In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  A magistrate judge's legal conclusions are reviewable de novo to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard.  Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

**C.    Plaintiff's Motion to Suppress Deposition Testimony**

On September 22, 2016, Plaintiff filed a motion to suppress his deposition testimony of June 13, 2016.  (Dkt. No. 195 at 3-4.)  He asserts that the transcript of June 13, 2016 does not accurately reflect his testimony and is misleading.  He claims that he sent additions and corrections on the change sheet to the court reporter on July 2, 2016 but they are not attached to the transcript provided by Defendants as part of their motion for terminating sanctions.  (Id. at 2.)  Defendants argue that Plaintiff

1  waived his objections to the transcription of the deposition because he signed and

2  returned the transcript and he failed promptly file the motion waiting three months after

3  he discovered any alleged irregularities.  Lastly, Defendants argue that the changes

4  Plaintiff seeks do not alter the substance of the testimony.

5       The R&R recommended denying Plaintiff's motion to suppress because to the

6  extent his deposition was inaccurately transcribed, Plaintiff has had the opportunity to

7  correct the errors and has done do. (Dkt. No. 207 at 2.)  Plaintiff objects arguing that

8  the Court failed to address the merits of the motion and failed to demonstrate a nexus

9  between the erroneous conclusions reached and the actual facts found. (Dkt. No. 232

10  at 6.)  He explains that Defendants' motion for terminating sanctions was premature

11  since it was filed within the thirty day period to make corrections to the deposition

12  transcript and the transcript attached to their motion was provided to mislead the Court.

13  Plaintiff concedes that Defendants provided a transcript with his corrections attached

14  in their reply.  (Id. at 6-7.)

15       Rule 30(e) provides that when requested by a party, the deponent "must be

16  allowed 30 days after being notified by the officer that the transcript or recording is

17  available in which: (A) to review the transcript or recording; and (B) if there are

18  changes in form or substance, to sign a statement listing the changes and the reasons

19  for making them." Fed. R. Civ. P. 30(e)(1).  Then the "officer must note in the

20  certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must

21  attach any changes the deponent makes during the 30-day period." Fed. R. Civ. P.

22  30(e)(2).

23       Plaintiff challenges the transcript attached to Defendants' motion for terminating

24  sanctions filed on June 20, 2016, seven days after the deposition.  He claims that his

25  corrections and/or changes were not attached to the transcript; therefore, the Court had

26  an inaccurate or misleading version of the transcript.  However, the Court notes that the

27  corrections and/or changes made by Plaintiff have been attached to the transcript and

28  filed with the Court by both parties after the thirty period had expired. (Dkt. No. 201-2,

Pattison Decl., Ex. 1 at 6-7; Dkt. No. 232, Ps' Obj, Ex. 1 at 19-20.)  Consequently, the argument in support Plaintiff's motion to suppress his deposition testimony of June 13, 2016 is now moot and without merit.  Moreover, the Court notes that even if Plaintiff's corrections and/or changes were not attached to the final transcript as required by the Rules, any changes Plaintiff made do not substantively alter or misconstrue the reasons why he was refusing to proceed with his deposition.

Accordingly, the Court concludes the Magistrate Judge's findings are not clearly erroneous and ADOPTS the Magistrate Judge's R&R and DENIES Plaintiff's motion to suppress his deposition testimony of June 13, 2016.  See Fed. R. Civ. P. 72(a).

**D.    Defendants' Motion for Terminating Sanctions**

**1.    Legal Standard on Rule 37(d) Terminating Sanctions**

Federal Rule of Civil Procedure 30 provides that a party may depose any person without leave of court except that a party must obtain leave of court if a deponent is confined in prison.  Fed. R. Civ. P. 30(a).  If there are objections at the time of the examination, it must be noted on the record but the deposition still proceeds; "the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). A deponent may refuse to answer questions only "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  Rule 30(d)(3) provides that a "deponent may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. . . . If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3).

Otherwise, if a party, after being served with proper notice, fails to appear for the deposition, the Court may order sanctions.  Fed. R. Civ. P. 37(d)(1)(A). The failure to appear for a deposition is not excused even if the discovery sought is objectionable unless the party has a pending motion for protective order under Rule 26(c).  Fed. R. Civ. P. 37(d)(2).  Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vi).  Fed.

1  R. Civ. P. 37(d)(3).

2      As provided under Rule 37(d), the following sanctions are permitted for a party's

3  failure to appear for a deposition:

> (i) directing that the matters embraced in the order or other designated
> facts be taken as established for purposes of the action, as the
> prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters
> in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party . . .

10  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  These sanctions also apply when a party fails to

11  obey a discovery order.  Fed. R. Civ. P. 37(b).

12      In this case, Defendants seek sanction in the form of dismissal of the entire

13  action.  Plaintiff opposes.  The district court has discretion to issue sanctions under

14  Rule 37.  Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th

15  Cir. 1995). It is "firmly established that the courts have inherent power to dismiss an

16  action or enter a default judgment to ensure the orderly administration of justice and

17  the integrity of their orders."  Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.

18  682 F.2d 802, 806 (9th Cir. 1982).  However, the court's power to dismiss a case for

19  failure to obey a court order is limited by the requirements of due process. Id. (citing

20  Hovey v. Elliot, 167 U.S. 409, 413-14 (1897)).  "[B]ecause dismissal is so harsh a

21  penalty, it should be imposed only in extreme circumstances." Wyle v. R.J. Reynolds

22  Industries, Inc. 709 F.2d 585, 589 (9th Cir. 1983).  In order to warrant imposition of

23  such a severe sanction the conduct of the disobedient party must be "due to willfulness,

24  bad faith, or fault of the party."  United States ex rel. Wiltec Guam, Inc. v. Kahaluu

25  Constr. Co.,  857 F.2d 600, 603 (9th Cir. 1988) (citation omitted).

26      The Ninth Circuit has identified five factors that a court must consider before

27  dismissing an action as a sanction:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;

(3) the risk of prejudice to the party seeking sanctions;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic sanctions.

Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (citations omitted).  The fifth factor involves sub-parts and the court is to consider "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  Id.

Where a court order is violated, the first two factors support terminating sanctions while the fourth factor, the public policy favoring disposition of the cases, does not support dismissal.  Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991).  While the public policy favoring disposition of cases on their merits usually weighs against dismissal, this factor lends little support to a party who impedes progress in moving a case toward disposition on the merits.  See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (the fourth factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction"); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Ultimately, the third and fifth factors are determinative of the result.  Adriana, 913 F.2d at 1412.  In addition to the five factors, the court must also find that the party's conduct must also be due to "willfulness, fault, or bad faith."  Anheuser-Busch, Inc., 69 F.3d at 348 (internal quotations and citation omitted).

### 2.   Willfulness, Fault or Bad Faith

The parties do not address whether Plaintiff's conduct was due to willfulness, fault or bad faith.  The Magistrate Judge found that Plaintiff's failure to participate in his deposition was willful since his failure to participate was not outside his control.  (Dkt. No. 207 at 10.)  Rather, his failure to participate was a decision he made based on objections that had already been rejected by the Court numerous times.  (Id.)

"Disobedient conduct not shown to be outside the control of the litigant is

sufficient to demonstrate willfulness, bad faith, or fault." <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted); <u>see also</u> <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 948 (9th Cir. 1993); <u>United States v. Sumitomo Marine & Fire Ins. Co.</u>, 617 F.2d 1365, 1369 (9th Cir. 1980) (Due process requires that "neither dismissal nor preclusion of evidence that is tantamount to dismissal may be imposed when failure to comply is due to circumstances beyond the recalcitrant party's control."). The Ninth Circuit has "specifically encouraged dismissal, however, where the district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders.'" <u>Sigliano v. Mendoza</u>, 642 F.2d 309, 310 (9th Cir. 1981) (quoting <u>G–K Props. v. Redevelopment Agency</u>, 577 F.2d 645, 647 (9th Cir. 1978) (citing <u>Nat'l Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639 (1976)).

In a prisoner § 1983 case, the district court granted Defendants' motion for terminating sanctions for a pro per plaintiff's failure to respond to discovery requests. <u>Sanchez v. Rodriguez</u>, 298 F.R.D. 460, 464 (C.D. Cal. 2014). The court initially found that the plaintiff's failure to respond was willful as plaintiff did not attempt to show that repeated failure to comply with discovery obligations imposed by the Rules and Court orders was "outside his control." <u>Id.</u> at 463. Specifically, the conduct was willful because the plaintiff failed to respond to interrogatories and request for documents, the district court granted the defendants' motion to compel and warned the plaintiff that further noncompliance could result in dismissal, and the plaintiff responded only by requesting more time to provide discovery, offering no excuse except that he was incarcerated and lacked the funds to get the documents sought by defendants. <u>Id.</u> at 464. The plaintiff "did nothing with the extensions granted, forcing the defendants to file a motion to compel and then ignoring the Court's subsequent order compelling him to fulfill his discovery obligations." <u>Id.</u>

Here, Plaintiff failed to appear at his noticed deposition set for January 14, 2016

and April 19, 2016 in violation of Rule 37(d)[2] and failed to comply with the Magistrate Judge's discovery order filed on February 29, 2016 compelling his deposition in violation of Rule 37(b).  He also failed to comply with this Court's order overruling objections to the Magistrate Judge's ruling on Defendants' motion to compel Plaintiff's deposition filed on May 4, 2016 where the Court directed Plaintiff to comply with the deposition notice, (Dkt. No. 145), and this Court's order summarily denying Defendants' motion for an order imposing terminating sanctions where the Court ordered Plaintiff to comply with the noticed deposition filed on May 19, 2016, (Dkt. No. 151).  In addition, he has failed to comply with the scheduling orders filed on May 9, 2016 directing that Plaintiff's deposition be completed by May 24, 2016, (Dkt. No. 146), and second amended scheduling order requiring that Plaintiff's deposition be completed by June 30, 2016.  (Dkt. No. 152.)

Plaintiff's objections concerning the procedural validity of taking his deposition have been overruled by this Court.  (Dkt. Nos. 145, 151.)  Plaintiff has not demonstrated that any of the reasons to terminate a deposition under Rules 30(c) and 30(d)(3) are applicable.  While Plaintiff asserted at his deposition that he "moves to terminate this deposition on grounds that it's being conducted in bad faith and for purposes to harass the plaintiff" (Dkt. No. 201-2, Pattison Decl., Ex. 1, Meeks Depo. at 6:22-24), he has not filed a motion in this Court.  Moreover, the reason he alleges that the deposition is being conducted in bad faith and for purposes to harass Plaintiff is based on Defendants' failure to obtain leave of Court which the Court has already rejected in several prior orders.  It is not uncommon for district courts to grant a defendant leave of court to depose a person in prison without a formal request by a

---

[2]A failure to appear under Rule 37(d) is distinct from a deponent appearing for a deposition and refusing to answer questions.  Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995) (reversing dismissal by the district court under Rule 37(d) since the plaintiff attended his deposition but refused to testify and appropriate remedy was to order testimony under Rule 37(a) and not dismissal).  Therefore, the June 13, 2016 deposition where Plaintiff appeared but refused to testify is not a ground for dismissal under Rule 37(d).  See id.  However, refusal to testify is a ground for dismissal under Rule 37(b) for failing to comply with a discovery order.  See Fed. R. Civ. P. 37(d).

defendant.  See Parnell v. Tucker, No. C 06-7662 SBA (PR), 2009 WL 2761625, at *5 (N.D. Cal. Aug. 27, 2009) (on initial screening, district court sua sponte granted defendant leave of court to depose Plaintiff confined in prison); Abedi v. Butler, No. CIV S-06-991 MCE GGH P, 2009 WL 981664, at *12 (E.D. Cal. Apr. 10, 2009).  In Abedi, the district court denied Plaintiff's motion to vacate the taking of his deposition. Abedi, 2009 WL 981664, at *12.  Plaintiff objected to the deposition notice because the defendants did not obtain leave of court pursuant to Rule 30(a)(2)(B); however, the court noted that its discovery order directed that defendants could depose plaintiff or any other witness confined in prison.  Id.  That was sufficient to satisfy Rule 30(a)(2)(B).

In this case, it was not legal error for the Magistrate Judge to grant Defendants leave of court to take Plaintiff's deposition as part of its order granting Defendants' motion to compel.  Plaintiff had no valid legal reason to refuse to attend or participate in his deposition.  Plaintiff has even attempted to file objections to this Court's rulings; however, there is no provision to object to the order of a district judge.[3]  Consequently, Plaintiff has not demonstrated that his failure to comply with court orders is outside his control.  His refusal to comply is based on his interpretation of the law and continues to refuse to comply despite court orders directing him to comply.  These failures demonstrate that Plaintiff's conduct is due to "willfulness, bad faith, or fault."

### 3.    Five Factor Test

As asserted above, when a court order is violated, the first two factors, the public's interest in expeditious resolution of litigation and the court's need to manage its docket, support terminating sanctions while the fourth factor, the public policy favoring disposition of the cases, does not support dismissal.  See Adriana Int'l Corp., 913 F.2d at 1412.  However, the fourth factor lends little support to a party who

---

[3]Plaintiff has filed numerous notice of appeals on non-dispositive orders that have been denied by the Ninth Circuit for lack of jurisdiction. (See Dkt. Nos. 105, 112, 120, 131, 136, 153, 165, 178, 224, 233, 234.)  In one of his appeals, he has even challenged a ruling of the Ninth Circuit. (Dkt. No. 137.)

[13cv973-GPC(BGS)]

1   impedes progress in moving a case toward disposition on the merits.  See In re
2   Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1228.

3        Plaintiff has willfully violated several court orders.  Therefore, the first two
4   factors have been met.  While the fourth factor typically weighs against dismissal, in
5   this case, Plaintiff has impeded progress of the prosecution of his case; therefore, the
6   public policy favoring disposition of cases on the merits supports dismissal.  The Court
7   next considers the determinative third and fifth factors.

8              **a.    Risk of Prejudice to Defendants**

9        Defendants argue they have been prejudiced because they have been unable to
10  make key determinations to defend or otherwise resolve the case due to Plaintiff's
11  failure to comply with the deposition notice.  They assert they are unable to determine
12  the facts in the case, "determine defense strategies, identify potential experts, evaluate
13  the viability of a motion for summary judgment, evaluate the potential for settlement,
14  if any, and determine any settlement value."  (Dkt. No. 158-2, Pattison Decl. ¶ 12.)
15  They also contend they have been prejudiced because they have spent considerable
16  money attempted to depose Plaintiff.

17       The Magistrate Judge concluded that Defendants have been prejudiced in their
18  ability to prepare for trial despite repeated Court orders directing Plaintiff to comply
19  with the deposition notice.  (Dkt. No. 207 at 11.)

20       "A defendant suffers prejudice if the plaintiff's actions impair the defendant's
21  ability to go to trial or threaten to interfere with the rightful decision of the case."
22  Adriana, 913 F.2d at 1412.  Delay, by itself, does not constitute sufficient prejudice.
23  Id.  But, repeated failure to appear at scheduled depositions has been considered
24  sufficient prejudice.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994)
25  (prejudice established where foreign corporations continually ignored scheduled
26  depositions, and with a fast approaching court date, lack of crucial information and
27  inability to construct a defense prejudiced opposing party); Adriana, 913 F.2d at 1412
28  ("the repeated failure of [plaintiffs] to appear at scheduled depositions compounded by

their continuing refusal to comply with court-ordered production of documents constitute[d] an interference with the rightful decision of the case."); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227-28 (holding that "[f]ailing to produce documents" and "unreasonable delay" both support the court's finding of prejudice).

Here, Plaintiff's repeated failure to appear at his deposition and then attending and refusing to answer questions at his deposition despite the Court's orders directing him to comply have frustrated Defendants' ability to defend the case and will interfere with the rightful decision of the case.[4]  Furthermore, the case is almost four years and it has been over one year since Defendants initially sought to take Plaintiff's deposition in January 2016.  Plaintiff has refused to appear and also participate in his deposition based on faulty legal arguments explained and rejected by the Court and he continues, even as of March 2, 2017, to object to the taking of his deposition.  As a result, Plaintiff's actions have prejudiced Defendants' ability to defend the case which has impeded the rightful decision of the case.  See Adriana, 913 F.2d at 1412.

### b.    Less Drastic Alternatives

Defendants assert that no other effective sanctions are available.  Since he is indigent, monetary sanctions are futile, and evidentiary sanctions would not be helpful because he is already refusing to provide evidence.  Moreover, Plaintiff has blatantly and repeatedly refused to comply with Court orders and he has no intention of cooperating based on his interpretation of the law.  Plaintiff argues that public policy favors disposition of cases on the merits and objects to the R&R recommending that his testimony be precluded at trial because his testimony is relevant and evidence to support his case.

---

[4] Defendants' allegation that they have been prejudiced monetarily in their multiple attempts to depose Plaintiff is without legal support.  Defendants claim they have incurred costs to travel for defense counsel and a court reporter on four occasions which include three trips to Corcoran, totaling 501 miles round trip each time, and one trip to San Luis Obispo, which was 614 miles round trip.  (Dkt. No. 158-2, Pattison Decl. ¶ 13.)  Risk of prejudice concerns interfering with Defendants' ability to defend themselves and not unnecessary monetary expenditure during discovery.

Instead of recommending dismissal, the Magistrate Judge recommends the less drastic alternative of evidence exclusion, specifically barring Plaintiff from testifying at trial.  (Dkt. No. 207 at 12.)

The Ninth Circuit evaluates three factors to determine whether a district court has properly considered less drastic alternatives: "(1) Did the [district] court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the [district] court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987).  Ninth Circuit decisions "suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262.

Between January 14 and May 9, 2016, Plaintiff refused to appear at three noticed depositions.[5]  Then on June 13, 2016, Plaintiff appeared but refused to participate in his deposition.  Plaintiff failed to comply with three court orders directing Plaintiff to attend and participate in his deposition and failed to comply with two scheduling orders directing that the deposition be completed by a date certain.  In addition, two separate court orders warned Plaintiff that his first amended complaint may be subject to dismissal if he fails to comply with the deposition notice.  (Dkt. Nos. 145, 151.) Despite the Court's orders directing Plaintiff to comply with the deposition notice and overruling Plaintiff's objections, and warnings that his case may be dismissed for failing to comply, he continues to argue, as recently as March 2, 2017, that the Magistrate Judge and this Court erred when it directed Plaintiff to comply with the deposition notice even though Defendants failed to obtain leave of Court to depose Plaintiff.  There is no indication that Plaintiff intends to comply with any future court

---

[5]The Court acknowledges that the January 14, 2016 and May 9, 2016 deposition notices were not compliant with the Rules but at the time, Plaintiff had notice of the deposition notices and refused to appear for reasons other than the defective notices.

orders compelling his deposition testimony.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). While a pro se plaintiff is granted wide latitude, he must still comply with court orders and this latitude granted to a pro se plaintiff does not excuse intentional noncompliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the imposition of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); Gordon v. Cnty. of Alameda, No. CV 06-2997-SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); Handwerker v. AT & T Corp., 211 F.R.D. 203, 208-09 (S.D.N.Y. 2002) ("giving appropriate recognition as necessary to the difference of status, Rule 37 sanctions may be applied to pro se litigants no less than to those represented by counsel").

"The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal," because "all litigants, including pro ses, have an obligation to comply with court orders." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (affirming Rule 37(b)(2) dismissal of pro se plaintiff's case in view of his failure to appear for deposition "in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"); Ghazali, 46 F.3d at 54 (affirming district court's dismissal of the case for pro se plaintiff's failure to respond to the motion to dismiss despite his explanation that he did not receive a copy of the motion to dismiss).

The Magistrate Judge recommended that the Court impose the less drastic alternative of excluding Plaintiff from testifying at trial. However, excluding Plaintiff's testimony at trial amounts to dismissal of the case as Plaintiff will have the burden of proof to prove his claim at trial. If Plaintiff is barred from providing his testimony, Plaintiff would be unable to sustain his burden of proof and the jury would necessarily have to find in favor of Defendants. Therefore, the Court concludes that the alternative of precluding Plaintiff's testimony is akin to dismissal and will create further delays and consume additional judicial resources.

The Court also concludes that monetary sanctions are not feasible because Plaintiff is indigent[6] and warnings through court orders have not worked. See Pappas v. Rojas, No. CV13-3491-CJC(SP), 2013 WL 6145141, at *4 (C.D. Cal. Nov. 21, 2013) ("Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney's fees. . . . In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.") (internal citation to Malone v. U.S. Postal Service, 833 F.2d 128, 132 n. 1 (9th Cir. 1987)); Kindred v. Doe, No. SACV 12-1996-ABC(RNB), 2014 WL 793095, at *3 (C.D. Cal. Feb. 26, 2014) ("[U]nder the circumstances presented (i.e. plaintiff's pro per and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose.")

Next, through its orders, the Court made several attempts to cure the malfeasance by explaining why Plaintiff's legal reasoning was improper but without success. (Dkt. Nos. 132, 145, 151.) Despite the explanation, Plaintiff continues to object to the Court's analysis. For example, on May 4, 2016, the Court overruled Plaintiff's objections and explained why Defendants' initial failure to obtain leave of court to take his deposition was not a valid reason to refuse to appear for his deposition because the Magistrate Judge construed its order as granting Defendants leave of court to depose

---

[6]The Court granted Plaintiff's IFP status on June 4, 2013. (Dkt. No. 5.)

[13cv973-GPC(BGS)]

Plaintiff.  (Dkt. No. 145 at 5.)  In that order, the Court also explained that Rule 30 allows for objections to a deposition, which must be noted on the record but the examination must still proceed.  (Id. at 4 (citing Fed. R. Civ. P. 30(c)(2).)  Therefore, on June 13, 2016, while Plaintiff appeared and noted his objection on the record, he was required to proceed with the deposition and did not.  Instead, relying on his interpretation of the law, he moved to improperly terminate the proceeding.

Finally, the Court warned Plaintiff about the possibility of dismissal for his failure to comply.  In the Court orders directing Plaintiff to comply with the deposition notice, it warned Plaintiff that terminating sanctions may be imposed for Plaintiff's failure to comply with the deposition notice.  (See Dkt. No. 145 at 7 ("Plaintiff **shall** comply with the deposition notice and if there are objections, he shall state the objections on the record. If Plaintiff fails to comply, Defendants may refile a motion for order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal"); Dkt. No. at 151 at 4 ("Once reasonable notice of his deposition is provided to Plaintiff and he fails to comply, Defendants may refile a motion for order imposing termination sanctions and Plaintiff's first amended complaint may be subject to dismissal.")  Despite these warning, Plaintiff continues to object to the taking of his deposition. The Court concludes that after exhaustion of less drastic alternatives, at this stage of the proceedings, dismissal is appropriate.

Based on the factors addressed above, pursuant to Rules 37(b) and (d), the Court finds it warranted to dismiss the action for Plaintiff's failure to appear at his deposition and failure to comply with Court orders.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

[13cv973-GPC(BGS)]

1

**Conclusion**

2      Based on the above, the Court DECLINES to adopt the report and

3 recommendation and GRANTS Defendants' motion for terminating sanctions and

4 DENIES Plaintiff's motion to suppress his deposition.  The Clerk of Court shall close

5 the case.

6      IT IS SO ORDERED.

7

8 DATED:  March 8, 2017

9

10                                        HON. GONZALO P. CURIEL
                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28