# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MEEKS,<br><br>    vs.                        Plaintiff,<br><br>A. NUNEZ, et al.,<br><br>                        Defendant. | CASE NO. 13cv973-GPC(BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 243.] |

Before the Court is Plaintiff's motion for reconsideration of the Court's order filed on February 13, 2017, (Dkt. No. 229), overruling Plaintiff's objections to the Magistrate Judge's ruling on his prior motions for appointment of counsel. (Dkt. No. 243.)

A motion for reconsideration may be brought under either Federal Rule of Civil Procedure ("Rule") 59(e) or Rule 60(b). In re Arrowhead Estates Dev. Co., 42 F.3d 1306, 1311 (9th Cir. 1994) (citing Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for reconsideration should not be granted absent highly unusual circumstances. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3)

if there is an intervening change in controlling law." <u>Sch. Dist. No. 1J, Multnomah County, Or.</u>, 5 F.3d at 1263; <u>see</u> <u>Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" <u>Smith v. Clark Cnty. Sch. Dist.</u>, 727 F.3d 950, 955 (9th Cir. 2013).

Here, Plaintiff argues that the Court's decision was "contrary to law, clearly erroneous and the initial decision was manifestly unjust" because the Court failed to address the merits of Plaintiff's objections by misconstruing them as moot and did not conduct a proper de novo review. (Dkt. No. 243 at 1-2.) The Court's prior order, filed on February 13, 2017, overruled Plaintiff's objections to the Magistrate's order denying his requests for appointment of counsel. (Dkt. Nos. 216, 228.) Prior to the filing of the challenged Court order, on February 6, 2017, the Court denied his motion to appoint counsel. (Dkt. No. 223.) Because the district court had addressed his motion to appoint counsel, the Court noted that Plaintiff objections, that his motion to appoint counsel should be reviewed de novo by a district judge, were moot.

Plaintiff's argument, that the Court's ruling is manifestly unjust, is without merit, and he has failed to demonstrate that reconsideration is warranted. Accordingly, the Court DENIES Plaintiff's motion for reconsideration of the Court's order filed on February 13, 2017, (Dkt. No. 229).

IT IS SO ORDERED.

DATED: March 21, 2017

HON. GONZALO P. CURIEL
United States District Judge